

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

METROPOLITAN LIFE INSURANCE
COMPANY,

                                 Plaintiff,

                - against -

FRANCES ZACCARO,

                               Defendant.
------------------------------------------------------------------------X

01:08 CV-459 (BSJ)

**AFFIRMATION OF**
**ADAM M. PESKA, ESQ.**

Adam M. Peska, an attorney duly licensed to practice law in the State of New York hereby

affirms the following under penalty of perjury:

### PRELIMINARY STATEMENT

1.         The defendant Frances Zaccaro ("Defendant" or "Zaccaro"), by and through her

counsel Reich, Reich & Reich, P.C., seeks, *inter alia*, dismissal of this instant action under

Federal Rule of Civil Procedure ("FRCP") 12 (b) (5) for insufficiency of service and an order

vacating Magistrate Judge Frank Maas' *nunc pro tunc* Order extending plaintiff Metropolitan

Life Insurance Company ("Plaintiff" or "Metlife") time to serve the complaint beyond the 120

day period.

2.         This is the second action commenced by MetLife against the defendant on the

same claim.  In both actions the plaintiff failed to serve the defendant within 120 days from the

filing date.  It will be shown hereinbelow that diligent effort was not made by the plaintiff to

serve the defendant, a Nevada domiciliary, in either action and therefore the complaint should be

1

dismissed.

3.         The plaintiff asserts in its complaint that it has made an erroneous insurance

distribution to the beneficiary-defendant Zaccaro in the amount of $90,000 (plus interest) instead

of $9,000 (plus interest).  In direct contradiction of MetLife's purported error, to date, all of the

interest that has been earned on said insurance proceeds has been reported to the Internal

Revenue Service (the "IRS") as 1099 interest income assessable to the defendant.  The proceeds

are in an account under the defendant's name and are restrained by plaintiff without a court order.


STATEMENT OF FACTS

4.         I am of counsel to the law firm of Reich, Reich & Reich, P.C. and am duly

admitted to practice before the Courts of this State.  I am fully familiar with the facts and

circumstances of this action.  The action brought by plaintiff alleges that it made an erroneous

life insurance disbursement on March 1, 2005 to the defendant.  A copy of the plaintiff's

complaint dated January 5, 2008 is annexed hereto as **Exhibit A.**    Upon information and belief,

the defendant's husband Stanley, the insured decedent, obtained the subject policy (MetLife

Group coverage) in or around March 1997.  To date, the defendant has not seen the original

policy.

5.         The defendant is the beneficiary of the subject policy.  She is sixty-eight (68)

years of age and is chronically ill.  On May 15, 2008, the defendant-beneficiary was diagnosed

with Acute Myelogenous Leukemia ("AML") and shortly thereafter resigned from her RN

position at University Medical Center of Las Vegas.  She is seeking aggressive medical

management having recently undergone surgery to remove her spleen in effort to increase her

2

blood platelet count. See defendant's medical documentation, including Pathology Report dated May 8, 2008 together with three (3) Medical Invoices regarding her surgery annexed is hereto as **Exhibit B**. Despite the defendant's medical condition for the past several months and the fact that she has resided at the same location for the past twelve (12) years, the plaintiff contends it was unable to serve the defendant within the 120 day period required by FRCP 4 (m). This instant action is the second lawsuit commenced by the plaintiff against the defendant on the same claim. The plaintiff's first action (bearing No. 07 CV 191) was filed with the Clerk of this Court on January 10, 2007. Defendant was not served with process in that action and it was voluntarily dismissed by plaintiff eleven (11) months thereafter on December 3, 2007.

6.           Defendant's motion seeks the following relief: (a) dismissal of this action pursuant FRCP 12 (b) (5) based upon insufficiency of service - for failure to serve the individual defendant under FRCP 4(m); (b) an order vacating Magistrate Judge Frank Maas' *nun pro tunc* Order extending plaintiff's time to serve the complaint beyond the 120 day period; and (c) an order directing the release of the defendant's checking account that is unlawfully restrained by the plaintiff without a court order.


<u>PRE ANSWER MOTION TO DISMISS UNDER FRCP 4 (m)</u>

<u>THE PLAINTIFF FAILED TO SERVE DEFENDANT IN FIRST ACTION WITHIN 120 DAYS AND FAILED TO SERVE THE DEFENDANT IN THIS ACTION WITHIN 120 DAYS AND HAS FAILED TO DEMONSTRATE "GOOD CAUSE" FOR AN EXTENSION OF TIME  UNDER RULE 4 (m)</u>


7.           According to FRCP 4(m), a plaintiff is required to serve a summons and complaint

within 120 days after the complaint is filed.   The summons and complaint must be served by following state law for service in the state where the district court is located or where service is made.   In this case, either Nevada Rules of Civil Procedure (the "NRCP") or New York's Civil Practice Laws and Rules may apply (the "CPLR").   Rule 4 (d) (6) of the NRCP provides:

> "Service Upon Individuals.  In all other cases to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivery a copy of the summons and complaint to an agent authorized by appointment…"

8.        Section 313 of the CPLR provides that "a person domiciled in the state or subject to the jurisdiction of the courts of the state … may be served with summons without [or domiciled outside] the state in the same manner as service within the state."   Section 308 (4) of the CPLR provides that where in-hand personal service or service to a person of suitable age and discretion at certain designated places "cannot be made with reasonable due diligence," alternative or "substituted service" can be made:

> "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing  the summons by first class mail to the person to be served at his or her actual place of business.
>
> CPLR Section 308 (4).

9.        Service by affixing and mailing the summons, or "nail and mail" as described

4

above, is proper upon showing that (1) diligent efforts were made to effect service by an "in hand" personal delivery to the defendant, or to a person of suitable age and discretion followed by mailing ("leave and "mail"). Therefore, if the plaintiff's process server was unable to personally serve the defendant under Nevada law, the plaintiff could have alternatively used "substituted service" under New York law. Instead, as more fully set forth hereinbelow the plaintiff's process server made no attempt at substituted service. Under New York law, note that effort to effect personal service must be diligent and not perfunctory. Gurevitch v. Goodman, 702 N.Y.S.2d 634, 635 (N.Y. App. Div 2000); Claerbaut v. E. long Island Hosp., 499 N.Y.S.2d 102 (N.Y. App Div 1986).

10.     Shortly after plaintiff failed to serve the defendant within the 120 day period in accordance with the above and Rule 4 (m) of FRCP, defendant's counsel, by letter dated May 19, 2008, requested a pre-motion conference in anticipation of filing a FRCP 12 (b) (5) motion to dismiss based upon insufficiency of service. The letter of May 19, 2008 requesting a Pre-Motion Conference is annexed hereto as **Exhibit C.**

11.     In response to the defendant's counsel request for a pre-motion conference, by letter dated June 4, 2008, the plaintiff's counsel Allan M. Marcus, Esq. wrote to the Court requesting additional time (60 days) to serve the defendant. The letter provides:

> "For the past several months, Metlife has unsuccessfully attempted on numerous occasions to serve Zaccaro at her residence in Las Vegas (I am obtaining an affidavit of attempted service from the process server and will forward same to the Court shortly). Zaccaro's failure to accept service is puzzling, since her attorney Peska has now appeared and seems eager to litigate the merits of this matter."

A copy of the letter dated June 4, 2008 from Mr. Marcus to the Court is annexed

hereto as **Exhibit D.**

12.    In response to the June 4, 2008 letter, the defendant Frances Zaccaro, executed an

affidavit that provided:

> "I am the defendant in this matter and am currently sixty-eight (68) years of age.  I currently reside at the 2180 E. Warm Springs Rd # 1154, Las Vegas, NV and have been there the past twelve (12) years.
>
> On May 15, 2008, after I was diagnosed with Acute Myelogenous Leukemia (AML) approximately one (1) month ago, I resigned from my RN position at University Medical Center of Las Vegas.  My daughter Samantha has been staying with me.
>
> I have not avoided, refused and/or rejected the acceptance of legal papers at my home.  In addition, due to my medical condition I am often at home."

A copy of the affidavit of Frances Zaccaro, sworn to on June 6, 2008, is annexed hereto as **Exhibit E.**

13.    Defendant's counsel Mr. Marcus then submitted a letter to the Court dated June

11, 2008 with an enclosed process server's affidavit, sworn to on June 3, 2008, attesting to the

following:

> "SUMMONS IN A CIVIL ACTION & COMPLAINT
>
> "And that after due search, careful inquiry and diligent attempts at the Residence:
>
>    2180 E. Warm Springs Rd
>    #1154
>    Las Vegas, NV 89119
> I have been unable to make delivery of said process on within named: FRANCES ZACCARO
> Process is being returned without service for the following reasons:
>    4/11/2008 at 8:10 PM Knocked on door, no answer
>    4/14/2008 at 7:56 PM knocked on door, no answer

4/16/2008 at 3:12 PM knocked on door, no answer.  Spoke with
the leasing agent who refused to give information regarding
any of buildings tenants.
4/17/2008 at 8:20 AM knocked on door, no answer
4/18/2008 at 4:13 PM knocked on door, no answer"

Affidavit of Nillyreth Tabares sworn to on June 3, 2008, is annexed hereto as
**Exhibit F.**

14.    Mr. Marcus' June 4, 2008 letter to the Court providing that " [f]or the past several months, Metlife has unsuccessfully attempted on numerous occasions to serve Zaccaro at her residence" was is a misrepresentation.   According to the process server's affidavit dated June 3, 2008, the plaintiff Metlife made five (5) attempts to serve the defendant during a one (1) week period in April.  Notably, three (3) out of the five (5) attempts to serve were purportedly made between the hours 8:00 am and 5:00 pm when most people are out of their house.   Suffice it to say, this affidavit hardly constitutes reasonable diligence or basis to return service for failure to locate or serve the defendant.  During such period it is likely that defendant Zaccaro was out of the house undergoing daily medical tests.

15.    On June 13, 2008, a court conference was held via teleconference before Magistrate Judge Frank Maas and the issue regarding the plaintiff's failure to serve the defendant within the required 120 day period was addressed by the Court.  Following the conference, the Court then entered the following order:

"Plaintiff's application for a nunc pro tunc extension of the period for
effecting service of process is granted, and service shall be effected by July

7

15, 2008." (the "Extension Order")

16.        The Extension Order decided the merits of defendant's dispositive motion under

12 (b) (5) - based upon insufficiency of service without allowing defendant to present her

motion.   The Extension Order dated June 13, 2008 from Magistrate Judge Frank Maas is

annexed hereto as **Exhibit G**.   It is submitted that the Extension Order by Magistrate Judge

Maas extending time to serve was entered preemptively and without proper jurisdiction.   In

the Court's Reference Order dated June 2, 2008 Magistrate Judge Maas was assigned the

duty to determine "scheduling, discovery, non-dispositive pretrial motions and settlement."

A copy of the Reference Order is annexed hereto as **Exhibit H.**

17.        The Extension Order was not entered upon a showing or finding of "good cause"

as required by FRCP 4 (m) but was based upon a plaintiff's application that it had been trying

to serve defendant for the past several months, which was clearly false.   FRCP 4 (m)

provides that:

> "If a defendant is not served within 120 days after complaint is filed,
> the court – on motion or on its own after notice to the plaintiff – must
> dismiss the action without prejudice against that defendant or order that
> service be made within a specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the time for service for an
> appropriate period.  This subdivision (m) does not apply to service in a
> foreign country under Rule 4 (f) or 4 (j) (1)."

18.        The defendant acknowledges that courts liberally construe FRCP 4 (m) and

8

generally favor addressing the merits of a case.   However, this is the second action wherein

plaintiff failed to timely serve.   The defendant is sixty-eight (68) years of age, has resided at

the same location for approximately twelve (12) years, has been chronically ill over the past

several months and is now suffering from leukemia.   This defendant was not playing the

game of "cat and mouse" and it is inexcusable that plaintiff failed to timely serve her in this

action after having filed the first case in January 2007.

19.        On June 25, 2008, the defendant was personally served following the Order

extending time to serve.   The Affidavit of Service sworn to on June 27, 2008 is annexed

hereto as **Exhibit I**.   This affidavit further demonstrates that the defendant could have been

served and that the plaintiff simply neglected to serve the defendant.   The case should be

dismissed under Rule 4 (m) and the facts herein warrant said action by the Court.

MOTION TO ENJOIN PLAINTIFF

THE PLAINTIFF HAS RESTRAINED THE DEFENDANT'S "TOTAL CONTROL
ACCOUNT," WHICH IS ADMINISTERED THROUGH PNC BANK WITHOUT A
COURT ORDER

20.        In the plaintiff's Fourth Cause of Action for  "INJUNCTIVE RELIEF" against

the defendant asserts the following:

"COUNT IV – INJUNCTIVE RELIEF"

"34.    Metlife repeats and reiterates the allegation in paragraphs....

"35.    Because Zaccaro illegally retains the Overpayment in her
T.C.A [Total Control Account], the Court should issue an Order

9

restraining and enjoining her from withdrawing or otherwise dissipating the amount of the Overpayment."

21.    However, instead of plaintiff MetLife seeking provision relief in the form of a preliminary injunction with respect to the fourth cause of action, plaintiff without regard to civil procedure has restrained the defendant's account, administered through PNC Bank (the "Total Control Account" ).  A copy of defendant's Total Control Account statement of May 2008 is annexed hereto as **Exhibit J**.  Upon information and belief, the Total Control Account was restrained on or about October of 2006.

22.    During the aforementioned conference before Magistrate Judge Maas held on June 13, 2008, the issue regarding the defendant's Total Control Account, a savings and checking account, was addressed.  The defendant's counsel requested release of the subject account in the name of Frances Zaccaro.  Specifically, counsel requested that all interest on that had been reported to the IRS as interest income belonging to the defendant be released.  After the court conference, the defendant's attorney submitted letter dated June 13, 2008, set forth the below, requesting clarification with respect to the subject account and the interest proceeds:

Dear Judge Maas:

"I am writing the letter following this morning's court conference regarding the above.  It was my original understanding that plaintiff MetLife was directed to release the interest on the subject account, however, after speaking with counsel Allan Marcus, it is plaintiff's position that the Plaintiff was only directed to release the original '$9,000 benefit.'  However, Mr. Marcus has always known that the original $9,000

10

was never an issue regarding the action nor is presently in the subject account."

"Be that as it may, as I prefaced defendant's argument to release the account (or a portion thereof), I made specific reference to those funds that had been reported to the IRS as 1099 income.  That was the portion I had referenced, and the portion I believed that the Court directed be released. At this time, I am unsure and apologize for my misunderstanding."

"It is therefore respectfully requested that a teleconference be scheduled some time early next week for purposes of clarification or, alternatively, addressing the issue at the next teleconference."

"Respectfully submitted,

Adam M. Peska (AP-1678)"

23.    By Memo Endorsed letter dated June 13, 2008,  Magistrate Judge Maas responded

to the above letter from defendant's counsel by stating that:

"I see no need for a further conference at this time.  Nobody disputes that Ms Zaccaro is entitled to $9,000, plus interest thereon. Accordingly, a sum corresponding to that should be available for Ms. Zaccaro to draw down."

See annexed Memo Endorsed dated June 13, 2008 annexed hereto as **Exhibit K.**

24.    However, the undisputed $9,000 amount is simply a non-issue.  The interest

reported to the IRS as earnings but that is currently restrained is with respect the full disputed

amount of $ 81,0000 ($90,000 - $9,000).  Clearly all interest that has been reported to the IRS

should have been directed to be released by the Court.  Currently interest is accumulating on

the entire principal in the subject account and the plaintiff is holding the defendant liable for

income tax purposes.

25.       It is submitted that by permitting the unlawful restraint on an individual's bank

account constitutes a gross violation of the *Due Process* under the *Fifth Amendment* of the

*United States Constitution*.  It is unlawful taking without process.

26.       In <u>McCahey v. L.P. Investors</u>, 77 F.2d 543 (2nd Circuit), the court found that

CPLR Section 5222 regarding restraining notices on bank accounts "meets due process

standards" under the federal constitution because the scheme provides (1) post-seizure notice

to judgment debtors (2) notice of exemptions to which they may be entitled and (3) prompt

opportunity to challenge the seizure and assert their exemptions.  <u>Id</u> at 549-550.  In this

instant action, the plaintiff possesses no judgment and provided no legal restraining notice,

but engaged in self-help to restrain the defendant's account.  Further, the fact the plaintiff

adamantly refuses to release a portion of the account with respect to interest that has been

reported to the IRS is analogous to contemptuous behavior or misconduct sanctionable under

Rule 11.

27.       Furthermore, the proceeds that has been reported to the IRS include all interest on

the entire principal since March of 2005.  The interest income for the taxable years 2005,

2006 and 2007 totals $ 8,214.  The interest income on the entire principal that the defendant

has never had access to and/or control over, yet, year after year the plaintiff has been

reporting 1099 interest earnings on the subject account. See MetLife "2007 IRS 1099-INT"

statement annexed hereto as **Exhibit L**. The official Instructions for IRS Form 1099-INT on

IRS website provide:

> "Generally, interest is paid when it is credited or set apart for a
> person without substantial limitation or restriction as to the time,
> manner and condition of payment. The interest must be available
> so that it may be drawn on at any time and its receipt brought
> within the control and disposition of the person."

> See, the official IRS website *www.irs.gov*

28.    The purpose of the above notice is an obvious one. A false reporting by a third

party can result in an audit, or worse a deficiency notice when a 1099 statement is

inappropriately reported. See IRS Deficiency Notices to defendant regarding the taxable

years 2005 and 2006 as **Exhibit M**. The Endorsed Memo by Magistrate Judge that only

interest on the undisputed principle $9,000 should be released was clearly erroneous. The

Plaintiff has reported 1099 interest that the defendant has had no access to and is not within

the control of the defendant.

29.    The plaintiff should be *estopped* from arguing that the Total Control Account does

not belong to the defendant when the plaintiff has reported all of the interest on said principal

in financial 1099 statements to the federal government for the past three (3) years. As the old

maxims states, "one who seeks equity must do equity" and "one who seeks equity must come

13

with clean hands." The plaintiff has violated both maxims and therefore should not be entitled to equitable relief, which is a form of relief the plaintiff is seeking – return of the funds with respect to the subject account.

30.    The conduct on behalf of the plaintiff in failing to first obtain any provisional remedy of attachment and/or order of restraint is tantamount to contumacious behavior. It is widely known by practicing attorneys that bank accounts are either restrained by either (1) serving restraining notice following a judgment or by (2) obtaining provision relief from the Court (i.e. attachment). However, the plaintiff failed to do either one of the above. In <u>Cohen v. Metropolitan Life Ins. Co.</u>, 00 Civ 6112 (2008), the plaintiff Metlife demonstrated a complete disregard for obtaining provisional relief in the form of a stay pending appeal and was sanctioned for its contumacious behavior by refusing to pay the award. The Southern District of New York held the following in its decision:

> "Nothing in the Court's Opinion, the Judgment or the law permits MetLife to condition its compliance with this Court's direction to award benefits on the outcome of its appeal of the Court's decision. MetLife's approach is contemptuous of the Court's authority and the law, as well as inconsistent with any rational notion of what constitutes a benefit "award" under ERISA-governed and a fiduciary's obligation to act in the best interests of….
>
> "Accordingly, Plaintiff's motion to hold MetLife in contempt and for sanctions is granted. …
>
> "Moreover, MetLife is hereby assessed a $10,000 fine, payable to the Clerk of this Court, and shall also pay Plaintiff's attorney $141,553.27 in attorneys' fees and in accordance with November 21, 2007, Memo…. [footnote: MetLife also found in civil contempt for

14

> willful failure to comply with April 2007 Order] …plus $ 5,850 in
> attorney fees that the Plaintiff incurred in connection with this
> contempt motion practice…
>
> "For each calendar day that the Defendant [MetLife] has failed to
> make any portion of the required payments, it shall pay an additional
> $1,000 per day penalty…"
>
> Cohen v. Metropolitan Life Ins. Co  decision is annexed hereto as
> **Exhibit N**

31.    The above speaks for itself, however, it is worth noting that the court found that

MetLife breached its fiduciary duty with respect to the underlying claim.  In this action

MetLife breached its fiduciary duty as well.  MetLife continues to unlawfully report interest

on the defendant's account to federal taxing authority.  This constitutes a breach of one's

fiduciary duty because the plaintiff knows that the defendant has no control and/or access

over same.

32.    Finally, the defendant argues that the instant action should be dismissed "with

prejudice" because the plaintiff has failed to served within the applicable 120 day period on

two (2) separate actions brought against defendant.  Further, since the gravaman of the

plaintiff's complaint alleges mistake or tort ("conversion") it is subject to a three (3) statute

of limitations, and the action would be barred if recommenced.  Under New York Law, a

three (3) year limitation applies under CPLR Section 214, which covers a wide range of

harms –including conversion – under the broad definition  "injury to property." See, CPLR

Section 214.  See also, Section 35 of New York Practice, Fourth Edition, David D. Seigel.

15

Note that if Nevada law applies, a three (3) year statute of limitations applies to "mistake."

(See, Nevada Revised Statutes, NRS 11.190 ).

**WHEREFORE**, the defendant respectfully requests that the motion to dismiss the complaint is granted with prejudice, Vacating Order dated June 13, 2008 from Hon. Frank Maas extending time to serve complaint, ordering the release of the defendant's bank account presently restrained, and for such further and addition relief as the Court may deem just and proper under the foregoing circumstances.

DATED:     White Plains, New York
           July 23, 2008

                                        _____
                                        Adam M. Peska (AP-1678)
                                        **REICH, REICH & REICH,P.C.**
                                        235 Main Street, 4th Floor
                                        White Plains, New York 10601
                                        (914) 686-5042

To:
Allan M. Marcus, Esq.
**LESTER, SCHWAB, KATZ & DWYER, LLP**
120 Broadway
New York, New York 10271
(212) 341-4214

16

## AFFIRMATION OF SERVICE

STATE OF NEW YORK                )

COUNTY OF WESTCHESTER      )

ADAM M. PESKA, ESQ. an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury, as follows:

On July 25, 2008, I served the within **NOTICE OF MOTION TO DISMISS, SUPPORTING AFFIRMATION OF ADAM M. PESKA, ESQ (WITH EXHIBITS), and MEMORANDUM OF LAW** upon the attorneys listed below at the address designated by said attorneys for that purpose via Overnight Federal Express Delivery to:

Allan M. Marcus, Esq.
**LESTER, SCHWAB, KATZ & DWYER, LLP**
120 Broadway
New York, New York 10271
(212) 341-4214


Dated   White Plains, NY
        July 25, 2008

ADAM M. PESKA (AP 1678)

17

# Exhibit A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

Metropolitan Life Insurance Co.,

        Plaintiff,

    V,

Frances Zaccaro,

        Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

# 08 CV 0459

TO: (Name and address of Defendant)

    Ms. Frances Zaccaro
    2180 E. Warm Springs Rd. #1154
    Las Vegas, NV 89119

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Allan M. Marcus, Esq.
    Lester Schwab Katz & Dwyer, LLP
    120 Broadway, 38th Fl.
    New York, NY 10271
    (212) 341-4241

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JAN 1 7 2008

CLERK

(By) DEPUTY CLERK

DATE

# 08 CV 0459

LSK&D #: 564-7002 / 970522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,

                                     Plaintiff,

             -against-

FRANCES ZACCARO,

                                   Defendant.

--------------------------------------------------------------x

No. _____

**COMPLAINT**



Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys Lester Schwab Katz & Dwyer, LLP, as for its Complaint against defendant Frances Zaccaro, states as follows:

1.    This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and for injunctive relief.

## THE PARTIES

2.    Upon information and belief, defendant is a resident of Las Vegas, Nevada.

3.    MetLife is an insurance company organized and existing under the laws of the State of New York, with its principal place of business at 200 Park Avenue, New York, New York.  MetLife is therefore a citizen of the State of New York pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

4.    Jurisdiction is founded on 28 U.S.C. § 1332 in that diversity exists between the parties and the matter in controversy exceeds $75,000, exclusive of interests, attorney's fees and costs.

5.      Venue is properly placed under 28 U.S.C. § 1391.

<u>FACTS</u>

6.      MetLife issued a Group Universal Life ("G.U.L.") insurance policy to provide certain life insurance benefits to eligible employees of Sears, Roebuck & Co. ("Sears").

7.      Stanley Morrisey, an employee of Sears, applied for G.U.L. coverage in 1997.

8.      Morrisey was covered for $9,000.00 in G.U.L. benefits under Certificate no. 2303821.  (<u>See</u> Exhibit A hereto.)

9.      Morrisey designated his wife Frances Zaccaro as the sole beneficiary of his G.U.L. coverage.

10.     Morrisey died on January 16, 2005.

11.     Zaccaro filed a claim for the G.U.L. benefits.

12.     MetLife, in error, paid Zaccaro $90,000.00 plus interest instead of $9,000.00 plus interest to which she was entitled.  (<u>See</u> Exhibit B hereto.)

13.     The G.U.L. insurance proceeds were deposited into a "Total Control Account" ("T.C.A."), a retained asset account maintained by MetLife as an optional payment method.  (<u>See</u> Exhibit C hereto.)

14.     On or about March 3, 2005, Zaccaro called MetLife stating that she was overpaid and that the G.U.L. benefits should have only been $9,000.  (<u>See</u> Exhibit D hereto.)

15.     Following its investigation of the matter, MetLife determined that it had mistakenly overpaid Zaccaro by $81,149.80 ($81,000.00 plus $149.80 interest) (the "Overpayment").

2

16.    MetLife contacted Zaccaro by telephone on April 5, 2005 and advised her to send MetLife a check for the Overpayment.

17.    MetLife placed a hold on the T.C.A. in the amount of the Overpayment.

18.    Zaccaro has always had control over and access to the funds to which she was entitled.

19.    In letters to Zaccaro dated April 6 and May 17, 2005, MetLife advised her of the Overpayment and her obligation to reimburse MetLife. MetLife also advised Zaccaro that a hold had been placed on her T.C.A. in the amount of the Overpayment. (See Exhibit E hereto.)

20.    MetLife did not receive a response to either its April 5, 2005 telephone call or its April 6 and May 17, 2005 letters.

21.    MetLife subsequently sent follow-up letters to Zaccaro requesting repayment of the Overpayment.

22.    In November and December 2006, MetLife received several letters from Zaccaro's attorney Mr. Peska demanding the release of the hold on Zaccaro's T.C.A. but not acknowledging his client's obligation to repay the Overpayment.

## COUNT I -- FOR DECLARATORY JUDGMENT

23.    MetLife repeats and reiterates the allegations in paragraphs 1 to 21 as if fully set forth at length herein.

24.    Despite her acknowledgment that she received the Overpayment, Zaccaro continues to retain said Overpayment.

25.    The Court should declare that Zaccaro unlawfully retains the Overpayment.

3

26.     The Court should declare that MetLife is entitled to recover the Overpayment from Zaccaro.

27.     The Court should order Zaccaro to pay the Overpayment to MetLife.

## COUNT II – UNJUST ENRICHMENT

28.     MetLife repeats and reiterates the allegations in paragraphs 1 to 27 as if fully set forth at length herein.

29.     By retaining the Overpayment, Zaccaro has been unjustly enriched in the sum of $81,149.80 plus accumulated interest thereon.

30.     Zaccaro should be ordered to disgorge her illicit gains and repay the Overpayment to MetLife.

## COUNT III – CONVERSION

31.     MetLife repeats and reiterates the allegations in paragraphs 1 to 30 above as if fully set forth at length herein.

32.     By retaining the Overpayment, Zaccaro has unlawfully converted monies which rightly belong to MetLife.

33.     Zaccaro should be ordered to repay the Overpayment which she has illegally converted.

## COUNT IV – INJUNCTIVE RELIEF

34.     MetLife repeats and reiterates the allegations in paragraphs 1 to 33 above as if fully set forth at length herein.

35.     Because Zaccaro illegally retains the Overpayment in her T.C.A., the Court should issue an Order restraining and enjoining her from withdrawing or otherwise dissipating the amount of the Overpayment.

4

**WHEREFORE,** Plaintiff MetLife respectfully requests the following relief:

(a)  That the Court declare that MetLife is entitled to recover the Overpayment amount of $81,149.80, plus accumulated interest, from defendant Zaccaro.

(b)  That the Court order Zaccaro to repay the Overpayment amount of $81,149.80, plus accumulated interest, to MetLife.

(c)  That the Court enter judgment in favor of MetLife against Zaccaro in the amount of $81,149.80, plus accumulated interest.

(d)  That the Court enjoin and restrain Zaccaro from withdrawing or otherwise dissipating the Overpayment amount in her T.C.A.

(e)  That the Court award MetLife its attorneys' fees and costs and disbursements of this action.

(f)  That the Court grant MetLife such further and other relief as it deems just and proper.

Dated:    New York, New York
          January 17, 2008

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

Allan M. Marcus (AM-9027)
120 Broadway
New York, New York  10271
(212) 964-6611
Attorneys for Plaintiff
Metropolitan Life Insurance Company

TO:

Adam M. Peska, Esq.
Peska & Associates, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
(914) 686-5042
Attorneys for Defendant

Exhibit A -- COMPLAINT

## CERTIFICATE SPECIFICATIONS

Group Policyholder: TRUSTEE OF THE FLEET NATIONAL BANK, TRUSTEE- MARSH USA INC.
MULTIPLE EMPLOYER TRUST NO. 9

Owner:     STANLEY MORRISSEY
550        2180 E WRM SPGS RD #1154
           LAS VEGAS NV 89119

Group Policy Number: 34707
Policy Anniversary Date: JULY  1

Certificate Number: 2303821

Original Effective Date of
Certificate:  03/01/1997

Current Effective Date of
Certificate:  03/01/1997

Covered Person:  STANLEY MORRISSEY

Covered Person's Age: 56 *

Specified Amount:      $9,000 **

Rating Class: Non-Smoker
Accidental Death Benefit: Yes
Accelerated Benefit Option: Yes

Dependent Term Insurance Rider: Not Elected

Final Date of Certificate: The Policy Anniversary Date Following the Covered Person's  95th
                           Birthday.  The Certificate Will Terminate Prior to This Date if the
                           Contributions Paid Are Not Sufficient to Continue This Certificate in
                           Force to This Date.

Guaranteed Minimum Interest Rate:  4.000% ****
Current Monthly Administrative Expense:      $1.00
Minimum Loan/Withdrawal Amount:     $200 ****
Premium Expense Charge:  2.000% of Contributions

Maximum Specified Amount: $4,000,000
Current Non-Medical Issue Amount: $750,000 NOT TO EXCEED 3 TIMES EMPLOYEE SALARY

Insurer: METROPOLITAN LIFE INSURANCE COMPANY

*     As of most recent Policy Anniversary Date
**    The death benefit would be less any accelerated benefit which has been made payable
****  If participating in the Cash Accumulation Option
This Certificate Specifications Page is to be Attached to your Certificate of Insurance and
Replaces Previously Issued Certificate Specifications Pages, If Any.

G.9704  (ee)

Print Date: 01/05/2007

JV100Z

Exhibit B — TO COMPLAINT

BFB554-O

Insured Name: STANLEY M MORRISSEY
Insured SSN: 141366544
Employee ID:
M & A Number:

Claim Number: 20502006888
Customer Name: SEARS, ROEBUCK & CO.
Dependent Name:
Team Code: C

| Payee Name | Payee Type | Payment Amount | Benefit Amount | Payable Interest | Calculated Interest | Withhold Amount | Manual Interest Required | Payment Method |
|---|---|---|---|---|---|---|---|---|
| FRANCES M ZACCARO | Beneficiary | $90,166.44 | $90,000.00 | $166.44 | $166.44 | $0.00 | No | Total Control Account |

Exhibit C ← TO COMPLAINT

**MetLife**

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3010
Utica, NY 13504
1-800-638-6420

Dear Beneficiary:

We at MetLife are sorry for your loss. To help you through what can be a very difficult, emotional, and confusing time, we created a settlement option, the Total Control Account® Money Market Option, to give you the time you need to best decide how to use your insurance or annuity proceeds.

The insurance or annuity contract may have provided other settlement options for payment of the proceeds. Unless the contract owner or insured preselected a specific method of settlement, your right to choose any of these other settlement options is preserved while your money is in a Total Control Account. If a settlement option was preselected for you, more information will be provided as your claim is processed.

If the amount of proceeds payable to you is $7,500 or more, a Total Control Account will usually be established in your name once your claim is approved, unless a different settlement option was selected. You will receive a personalized "checkbook" and a kit that includes a Customer Agreement and gives you additional information regarding your Account. By using one of your personalized "checks," you can draw a draft on your Total Control Account for the entire amount at any time. Information regarding the other settlement options available will also be provided.

While your money is in a Total Control Account, it is guaranteed by MetLife. You can access all or part of the insurance proceeds at any time, simply by writing one of your checks. You are not charged for checks, there are no transaction or monthly fees, and there are no penalties for withdrawing all or part of your money.

We hope that the Total Control Account will help you rest a little easier knowing that your money is safe, earning a competitive interest rate, and accessible to you when you need it, giving you time to make financial decisions that are right for you. Please read the additional information regarding the Total Control Account provided in this folder.

If you have further questions about the Account, you can call MetLife's Customer Services Center at its toll-free number, 1-800-MET-SAVE (1-800-638-7283). Hearing impaired callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-9037. If you have any questions about this claim, please call 1-800-638-8420.

Once again, we extend our condolences and assure you that we will make every effort to help you in every way we can.

### The TOTAL CONTROL ACCOUNT® Money Market Option
### Designed to Put *You* in Complete Control of Your Life Insurance Proceeds

#### The Total Control Account provides ...

SAFETY

- The entire amount of your Account, including all interest earned, is fully guaranteed by MetLife.

COMPETITIVE RATES

- The Account earns interest at money market rates that are responsive to current market conditions.

- Interest is compounded daily and credited monthly. (Generally, the interest earned will be subject to income tax.)

FREE CHECKING

- You can write checks from a minimum amount of $250 up to the full amount in the Account at any time.

- There are no monthly service or transaction charges. There is no charge for printing or reordering checks.

CONVENIENCE

- A personalized checkbook provides you with easy and immediate access to the funds.

- You will receive a monthly statement, showing all transactions, interest earned and the balance in the Account.

FLEXIBILITY

- You can withdraw all or part of your money at any time, without penalty or loss of interest.

- There are no limits on the number of checks you can write each month.

- You can name a beneficiary to receive money held in the Account, in case something happens to you.

FULL SERVICE

- Service Representatives are within easy reach to answer any questions you may have—just call toll-free Monday through Friday, from 8:00 A.M. to 6:00 P.M., Eastern Time, at 1-800-MET-SAVE (1-800-638-7283). Callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-3097.

TIME TO DECIDE

- Your rights to elect all other available MetLife settlement options are preserved. You may, at any time, place some or all of the money in your Account in any other available option.

- MetLife has a range of settlement options for you to choose from, including Guaranteed-Interest Certificates. You will receive complete information on all settlement options which are available to you along with the Total Control Account checkbook.

The Total Control Account gives you:

Safety • Security • Convenience • Flexibility
Free Checking • Competitive Interest

If the proceeds payable to you are less than $7,500, or you reside in a foreign country, or the claimant is a corporation or similar entity, — and the insured did not designate a settlement option, payment is usually made by a single, lump-sum check. If the insured designated an alternative settlement option, that designation will be carried out. In this case, more information will be provided to you as your claim is processed.



Exhibit D — TO COMPLAINT

BFB160-O

| | |
|---|---|
| Insured Name: **STANLEY M MORRISSEY** | Claim Number: **20502006888** |
| Insured SSN: **141366544** | Customer Name: **SEARS, ROEBUCK & CO.** |
| Employee ID: | Dependent Name: |
| M&A Number: | Team Code: **C** |

Claim Number: **20502006888**    Activity Date: **03/09/2005**    Sequence Number: **01**

---

**Activity to Client Contact File**

Activity: In coming call on a claim

Creation Date: 03/09/2005

Call Type: Inquiry on Beneficiary

Created By: EKSTEROWICZ, BETH

Contact Name: FRANCES

Contact Phone: 702-896-1708

Relationship: Beneficiary

Association to Claim: Payment

---

**Call-up Activity**

Action: No Action

Call-up Date:

Status:

Call-up Priority:

Documentation:

User ID:

---

**Comments**

indicated she was over paid. the benefit should be for only $9,000.00. advised would need to investigate this and call her back. she can be reached

---

**Additional Comments**

at either her home number above or on her cell # 702-810-2319

---

**VP Exception**

VP Exception:

Exception Reason:

Region:

Amount of Exception: 0.00

# MetLife®

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3016
Utica, NY 13504

April 6, 2005

Frances M. Zaccaro
2180 E. Warm Springs Rd. #1154
Las Vegas, NV 89119

RE: Insured: Stanley M .Morrisey
Group No.: 34707-Sears
Claim No.: 20502006888

Dear Mrs. Zaccaro:

We are writing in reference to the payment made to you on March 1, 2005 for the Group Life insurance benefits on the life of Stanley M. Morrissey. This will supplement our telephone conversation of April 5, 2005.

Our records indicate that an overpayment in the amount of $81,149.80 was made. You received $90,166.44, while you should have received $9,016.64. This overpayment resulted from an error in processing the correct covered benefit. The insured was covered for only $9,000.00 in Group Universal benefits.

Please arrange to forward a refund to our office in the amount of $81,149.80. Your check should be made payable to MetLife, and sent to the address above within thirty (30) days from receipt of this letter. For identification purposes, please include the claim number or the insured's name on your check. A self-addressed envelope is enclosed for your convenience.

If you have any questions, please contact our office at 800-638-6420, extension 6834, Team C. We apologize for any inconvenience caused.

Sincerely,

Group Life Claims Operations
Team C

enclosure

gliOP1.rev.0004

**MetLife**®

Metropolitan Life Insurance Company
Group Claims
P.O. Box 3016
Utica, NY 13504

May 17, 2005

Frances M. Zaccaro
2180 E Warm Springs Rd #1154
Las Vegas, NV 89119

RE: Insured: Stanley M. Morrisey
Group No.: 34707-Sears
Claim No.: 20502006888

Dear Mrs. Zaccaro:

We are writing in reference to the payment made to you on March 1, 2005 for the Group Life insurance benefits on the life of Stanley M. Morrisey. This will supplement our telephone conversation of April 5, 2005.

Our records indicate that an overpayment in the amount of $81,149.80 was made. You received $90,166.44, while you should have received $9,016.64. This overpayment resulted from an error in processing the correct covered benefit. The insured was covered for only $9,000.00 in Group Universal benefits.

Please arrange to forward a refund to our office in the amount of $81,149.80. Your check should be made payable to MetLife, and sent to the address above within thirty (30) days from receipt of this letter. For identification purposes, please include the claim number or the insured's name on your check. A self-addressed envelope is enclosed for your convenience. Also be advised a hold has been placed on your Total Control Account in the amount of the overpayment.

If you have any questions, please contact our office at 800-638-6420, extension 6834, Team C. We apologize for any inconvenience caused.

Sincerely,

Group Life Claims Operations
Team C

enclosure

gliOP1.rev.0004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
METROPOLITAN LIFE INSURANCE
COMPANY,                                                    No. _____

                                  Plaintiff,

                -against-

FRANCES ZACCARO,

                                  Defendant.
------------------------------------------------------------x


COMPLAINT


LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR    Plaintiff
                METROPOLITAN LIFE INSURANCE
                COMPANY

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX:  (212) 267-5916

**Exhibit B**

ASSOCIATED PATHOLOGISTS CHARTERED



# Pathology Report

## ASSOCIATED PATHOLOGISTS CHARTERED

In affiliation with Quest Diagnostics Incorporated

05/08/08  9:16:16 AM   Page 1 of 1

**REPORT TO**
COMP. CANCER CENTER/HENDERSON (10207)
10001 S. EASTERN STE. 108
HENDERSON, NV 89052

**PATIENT NAME**

ZACCARO, FRANCES

| BIRTH DATE | SEX | AGE | COLLECTION DATE | REC'VD DATE | REPORT DATE |
|---|---|---|---|---|---|
| 12/26/39 | F | 68Y | 04/24/08 | 04/24/08 | 05/08/08 |

| PATH # | ACC # | ID # | |
|---|---|---|---|
| T08-029948 | 68246449 | 6800397660 | SUPPLEMENTAL |

**RECEIVED FROM**
ST ROSE DOMINICAN-SIENA (22377)
GARY S. MONO, DO (27593)
COMP. CANCER CENTER/HENDERSON (10207)
DR PARIKH (9999)

**SPECIMEN:**   A-spleen
**PRE-OP :**   thrombocytopenia; anemia
**POST-OP :**   same
**REMARKS:**   397660

**SUPPLEMENTAL 05/07/08**

Outside consultation report:

**SUPPLEMENTAL DIAGNOSIS:**
SPLEEN, SPLENECTOMY:
DIFFUSELY INVOLVED WITH A HIGH-GRADE MYELOID MALIGNANCY, FAVOR ACUTE MYELOID
LEUKEMIA.

**COMMENT:**
The above diagnosis is rendered by Dr. Qian-Yun Zhang of University of New Mexico, Department of Pathology.
Please also see separate report for details.  (WXQ/kja)

**Wansong Qiu, M.D.**
Electronic Signature
4230 Burnham Ave.
Las Vegas, Nevada

Dr Parikh

**THE LOOMIS COMPANY**
Benefits Division
N 850 Park Road
WYOMISSING, PA  19610-1340

2608061733302

Forwarding Service Requested

16557 0.6836 AT 0.346          3-DIGIT 891

FRANCES ZACCARO                                    60
2180 E WARM SPRINGS #1154
LAS VEGAS, NV  89119-0443

ENV 16557  1 OF 3

| Questions, please call our Benefits Division at 866-415-7246  8:00AM - 8:00PM EST |
| --- |
| Visit us on the web www.loomisco.com or e-mail benefits@loomisco.com |

| Claim No.: 081410328-I |
| --- |
| Paid Date: 06/17/2008 |
| Processor: RSF |
| Subscriber: FRANCES ZACCARO |
| Patient: FRANCES ZACCARO |
| Patient#: 55220586 |
| Group#: WCLRK |
| Acct. Name: CLARK COUNTY |
| Network: CLARK COUNTY SELF-FUNDE |

## EXPLANATION OF BENEFITS—THIS IS NOT A BILL

| Line No. | Provider | Date(s) Of Service | Benefit Description | Proc Code | Amount Billed | Excluded Amount | Discount Amount | Co-Pay | Deductible | Amount Allowed | Paid At | Balance Paid by Plan |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | ST ROSE DOMINICAN | 04/26-05/09/2008 | ROOM & BOARD | 00000 | 15,600.00 | 15,600.00 | | 0.00 | 0.00 | 0.00 | 0% | 0.00 |
| 02 | ST ROSE DOMINICAN | 04/21-04/26/2008 | ROOM & BOARD | 00000 | 7,135.00 | 7,135.00 | | 0.00 | 0.00 | 0.00 | 0% | 0.00 |
| 03 | ST ROSE DOMINICAN | 04/21-05/09/2008 | I/P ANC FEES | 00000 | 143,325.24 | 17,311.75 | 26,013.49 | 0.00 | 0.00 | 0.00 | 0% | 0.00 |
| | | | TOTALS | | 166,060.24 | 40,046.75 | 26,013.49 | 0.00 | 0.00 | 0.00 | | 0.00 |

Amount Payable  0.00
You Owe This Amount  22,735.00
FSA Fund Balance  0.00

Accumulators

2008 Family Medical deductible satisfied

Claim Remarks
| Line No. | Explanation |
|---|---|
| 1,2,3 | (Line 01-$15,600.00)(Line 02-$7,135.00)(Line 03-$17,311.75)THE PLAN IS UNABLE TO MAKE A BENEFIT DETERMINATION BASED ON THE INFORMATION SUBMITTED.  A COPY OF THE PRIMARY INSURANCE CARRIER'S EOB IS REQUIRED TO BE SUBMITTED WITHIN 45 DAYS OF THIS NOTICE TO CONSIDER THIS CLAIM FOR BENEFITS.  IF YOU HAVE ALREADY SUBMITTED THE REQUESTED INFORMATION TO THE LOOMIS COMPANY, PLEASE DISREGARD THIS REQUEST. |
| 3 | ANY CHARGES THAT MAY BE LISTED IN THE "DISCOUNT" COLUMN REPRESENT AMOUNTS OVER THE PPO'S CONTRACTED FEE ALLOWANCE FOR THESE SERVICES.  THE PROVIDER IS A PPO PARTICIPANT AND THE CLAIMANT SHOULD NOT BE BILLED FOR THIS AMOUNT. |

***COMMENTS***   PLEASE SUBMIT COPY OF MEDICARE EXPLANATION OF BENEFITS

**THE LOOMIS COMPANY**
Benefits Division
N 850 Park Road
WYOMISSING, PA 19610-1340

**Forwarding Service Requested**

3-DIGIT 891

9055 0.3516 AT 0.346

FRANCES ZACCARO                    38
2180 E WARM SPRINGS #1154
LAS VEGAS, NV 89119-0443

Questions, please call our Benefits Division
at 866-415-7246  8:00AM - 8:00PM EST

Visit us on the web www.loomisco.com or
e-mail benefits@loomisco.com

Claim No.: 081270888-H
Paid Date: 05/27/2008
Processor: SS3
Subscriber: FRANCES ZACCARO
Patient: FRANCES ZACCARO
Patient#: 89671509574
Group#: WCLRK
Acct. Name: CLARK COUNTY
Network: CLARK COUNTY SELF-FUNDE

## EXPLANATION OF BENEFITS--THIS IS NOT A BILL

| Line No. | Provider | Date(s) Of Service | Benefit Description | Proc Code | Amount Billed | Excluded Amount | Discount Amount | Co-Pay | Deductible | Amount Allowed | Paid At | Balance Paid By Plan |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | SOUTHERN HILLS HO | 04/18-04/18/2008 | MISC HOSPITL | 00000 | 5,852.65 | 5,852.65 | | 0.00 | 0.00 | 0.00 | 0% | 0.00 |
| 02 | SOUTHERN HILLS HO | 04/18-04/18/2008 | DIAGNOSTIC | 00000 | 159.00 | 159.00 | | 0.00 | 0.00 | 0.00 | 0% | 0.00 |
| | | | | TOTALS | 6,011.65 | 6,011.65 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |

Amount Payable  0.00
You Owe This Amount  6,011.65
FSA Fund Balance  0.00

**Accumulators**

2008 Family Medical deductible satisfied

**Claim Remarks**

| Line No. | Explanation |
|---|---|
| 1,2 | (Line 01-$5,852.65)(Line 02-$159.00)ADDITIONAL INFORMATION HAS BEEN REQUESTED FROM THE PROVIDER OF SERVICE. CLAIMS WILL BE REVIEWED UPON RECEIPT OF THE PROVIDER'S RESPONSE.  IF YOU HAVE ALREADY SUBMITTED THE REQUESTED INFORMATION TO THE LOOMIS COMPANY, YOUR CLAIMS WILL BE REPROCESSED AND YOU WILL RECEIVE AN UPDATED EXPLANATION OF BENEFITS. |

**THE LOOMIS COMPANY**
Benefits Division
N 850 Park Road
WYOMISSING, PA  19610-1340

**Forwarding Service Requested**

100005203307

3-DIGIT 891

14809 0.6836 AT 0.346

FRANCES ZACCARO                                    53
2180 E WARM SPRINGS #1154
LAS VEGAS, NV  89119-0443

| | |
|---|---|
| Questions, please call our Benefits Division at 866-415-7246  8:00AM - 8:00PM EST | |
| Visit us on the web www.loomisco.com or e-mail benefits@loomisco.com | |

Claim No.: 081200705-H
Paid Date: 05/20/2008
Processor: SS3
Subscriber: FRANCES ZACCARO
Patient: FRANCES ZACCARO
Patient#:
Group#: WCLRK
Acct. Name: CLARK COUNTY
Network: CLARK COUNTY SELF-FUNDE

1 OF 3

ENV 14809

## EXPLANATION OF BENEFITS—THIS IS NOT A BILL

| Line No. | Provider | Date(s) Of Service | Benefit Description | Proc Code | Amount Billed | Excluded Amount | Discount Amount | Co-Pay | Deductible | Amount Allowed | Paid At | Balance Paid By Plan |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | ST ROSE DOMINICAN | 04/14-04/15/2008 | MISC HOSPITL | 00000 | 4,597.00 | 0.00 | 298.00 | 0.00 | 250.00 | 4,049.00 | 80% | 3,239.20 |
| 02 | ST ROSE DOMINICAN | 04/14-04/15/2008 | DIAGNOSTIC | 00000 | 1,135.00 | 0.00 | 1,135.00 | 0.00 | 0.00 | 0.00 | 0% | |
| | | | TOTALS | | 5,732.00 | 0.00 | 1,433.00 | 0.00 | 250.00 | 4,049.00 | | 3,239.20 |

Provider Payment Amount      3,239.20
Amount Payable      3,239.20
You Owe This Amount      1,059.80
FSA Fund Balance      0.00

| Accumulators | Check Issued To: | Amount |
|---|---|---|
| 2008 Family Medical deductible satisfied | ST ROSE DOMINICAN HOSPITAL SAN MART | 3,239.20 |

**Claim Remarks**
Line No.          Explanation

1,2          ANY CHARGES THAT MAY BE LISTED IN THE "DISCOUNT" COLUMN REPRESENT AMOUNTS OVER THE PPO'S CONTRACTED FEE ALLOWANCE FOR THESE SERVICES.  THE PROVIDER IS A PPO PARTICIPANT AND THE CLAIMANT SHOULD NOT BE BILLED FOR THIS AMOUNT.

# Exhibit C

REICH REICH & REICH, P. C.
ATTORNEYS AT LAW
THE NORTHCOURT BUILDING
175 MAIN STREET · SUITE 300
WHITE PLAINS, NEW YORK 10601-3257

(914) 949-2126
FAX (914) 949-1604
e-mail Reichlaw@aol.com

LAWRENCE R. REICH
ROBIN REICH*
JEFFREY A. REICH

JOANNE PRICE
PARALEGAL

*ALSO ADMITTED IN CT

SIDNEY H. REICH
(1904-1990)

May 19, 2008

**Sent Via Federal Express Delivery**
The Honorable Barbara S. Jones
United State District Court
500 Pearl Street
New York, NY 10007

Re: Metropolitan Life Insurance Company v. Francis Zaccaro
Docket Number:      1:08 CV 459

Dear Judge Jones:

Please be advised that I am the attorney representing the defendant Francis Zaccaro (the "defendant"), who is the beneficiary of life insurance proceeds following the death of her husband Stanley Morrissey on January 16, 2005.

## REQUEST FOR A PRE-MOTION CONFERENCE

The above action relates to alleged excess life insurance proceeds erroneously disbursed to the beneficiary-defendant by plaintiff Metropolitan Life Insurance Company (the "plaintiff"). The complaint alleges *inter alia* that the defendant "converted" said proceeds with respect to the amount in error. However, note that the alleged excess proceeds are held in defendant's personal account, but entirely restrained by the plaintiff (without a court order). See summons and complaint filed on January 17, 2008 annexed hereto as **Exhibit A.**

On behalf of the defendant, I would like to formally request a pre-motion conference with respect to the intended Rule 12 (b) motion.

(1)      12 (b) (5) Motion to Dismiss for Insufficiency of Service.

Plaintiff has not properly conferred service over the defendant, residing at 2180 E. Warm Springs Rd #1154, Las Vegas, NV, under Rule 4 (l) - Time Limit for Service, which provides the following:

PAGE 2

"If service of the summons and complaint is not made upon the defendant within 120 days after filing the complaint, the court upon motion or on its own initiative after notice to plaintiff, shall dismiss the complaint without prejudice as to that defendant or direct that service be effected within a specific time; provide the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"

Previously, in a prior action entitled Metropolitan Life Company v. Francis Zaccaro bearing Docket Number 07 CV 191, based upon the same facts, the plaintiff also failed to serve the defendant within 120 days, and said action was dismissed. See annexed Notice to Dismiss Without Prejudice dated December 3, 2007 as **Exhibit B.**

At this time, which is beyond the 120-day service requirement, the defendant's motion would seek dismissal "with prejudice" because to permit the plaintiff to commence a third action would be unjust when considering the applicable statute of limitations under tort has expired. See generally, Crysen/Montenay Energy Company v. E&C Trading Ltd., 166 B.R. 546 (1994).

Further, it is submitted that the plaintiff would be unable to demonstrate good cause for failure to serve timely because the defendant has maintained the aforementioned Nevada residence throughout the prior action and present action. Recently, a person of suitable age has been present, namely defendant's daughter Samantha Karpel (40 years of age) who presently lives with and takes care of the defendant. The defendant presently suffers from chronic illness requiring continued medical care and treatment.

Finally, since the plaintiff has restrained the defendant's Total Access Account (a checking account) without a court order, the defendant would request upon dismissal of the action (with or without prejudice), that the plaintiff be ordered to release the defendant's checking account restrained by the plaintiff. See copy of Statement dated November 2007 with respect to Total Control Account (presently restrained) annexed hereto as **Exhibit C.** Also enclosed is a copy of a proposed Court Order dismissing the complaint should the Court decide to dismiss the action *sua sponte.*

Thank you for your attention to this matter.

Very truly yours,

Adam M. Peska (AP-1678)
of counsel

Attached Exhibits, enclosure

Allan M. Marcus (AM-9027) **SENT VIA FEDERAL EXPRESS**
LESTER, SCHWAB, KATZ & DWYER, LLP
120 Broadway
New York, New York 10271

# Exhibit D

# LESTER SCHWAB KATZ & DWYER, LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

**(212) 964-6611**
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 4, 2008

<u>By Hand</u>

Hon. Barbara S. Jones
United States District Judge
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

       **Re:**   <u>**Metropolitan Life Insurance Company v. Frances Zaccaro**</u>
            **No. 08 CV 459 (BSJ)**

Dear Judge Jones:

    My firm represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the referenced matter. I write in response to defendant Francis Zaccaro's counsel's letter dated May 19, 2008 and to request that the Court, pursuant to Fed. R. Civ. P. 4(m), extend the time limit for service of summons for another 60 days.

### BACKGROUND

    This is an action by MetLife to recover $81,000 erroneously paid to Zaccaro. As detailed in MetLife's Complaint filed January 17, 2008, Zaccaro was the beneficiary of a group universal life ("GUL") insurance policy offered to her late husband Stanley Morrissey by his employer Sears, Roebuck & Co. The GUL policy was in the amount of $9,000. After Morrissey's death in January 2005, MetLife erroneously paid Zaccaro $90,000 in March 2005. Zaccaro herself informed MetLife of this error. MetLife demanded that Zaccaro return the $81,000 mistaken overpayment plus interest, but she refused. Because the proceeds had been placed in a "Total Control Account" with MetLife, MetLife put a hold only on the overpayment amount, but not on the proceeds properly payable to Zaccaro. In this lawsuit, MetLife seeks declaratory and injunctive relief to remedy its mistaken overpayment.[1]

---

[1] Contrary to defendant's assertion, the statute of limitations has not run on MetLife's these claims. <u>See</u> NY CPLR § 213 (6-year statute of limitations for actions based on mistake, for conversion, or for unjust enrichment).

LESTER SCHWAB KATZ & DWYER, LLP

June 4, 2008
Page 2

## ATTEMPTED SERVICE

In a previous lawsuit, MetLife sent the Complaint to Zaccaro and her attorney with a Waiver of Service of Summons form pursuant to Fed. R. Civ. P. 4(d). Zaccaro failed to return the signed waiver. At the same time, the attorneys for the parties were engaged in settlement discussions, hoping to amicably resolve this matter. When it became apparent that no resolution was likely, MetLife decided to voluntarily dismiss the previous lawsuit and re-file its Complaint, so that service of the summons could be timely effected. For the past several months, MetLife has unsuccessfully attempted on numerous occasions to serve Zaccaro at her residence in Las Vegas. (I am obtaining an affidavit of attempted service from the process server and will forward same to the Court shortly). Zaccaro's failure to accept service is puzzling, since her attorney Peska has now appeared and seems eager to litigate the merits of this matter.

Therefore, MetLife respectfully requests that it be permitted a 60-day extension of time to serve Zaccaro so that this matter can proceed to resolution. MetLife, of course, opposes the dismissal of its lawsuit as Zaccaro urges.

Respectfully yours,


ALLAN M. MARCUS
Of Counsel

AMM:imr
cc:

Adam Peska, Esq.
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
Attorneys for Defendant
1028676

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

METROPOLITAN LIFE INSURANCE
COMPANY,                                           01:08 cv-459

                            Plaintiff,

                                              **AFFIDAVIT REGARDING**
                                              **SERVICE OF PROCESS**

                - against -

FRANCES ZACCARO,
                            Defendant.
-----------------------------------------------------------------X

STATE OF NEVADA          )

COUNTY OF CLARK          )

I, Frances Zaccaro, state the following under penalty of perjury:

1.          I am the defendant in this matter and am currently sixty-eight (68) years of age. I currently reside at the 2180 E. Warm Springs Rd # 1154, Las Vegas, NV and have been there the past twelve (12) years.

2.          On May 15, 2008, after I was diagnosed with Acute Myelogenous Leukemia (AML) approximately one (1) month ago, I resigned from my RN position at University Medical Center of Las Vegas. My daughter Samantha has been staying with me.

3.          I have not avoided, refused and/or rejected the acceptance of legal papers at my home. In addition, due to my medical condition I am often at home.

                                              _Frances Zaccaro_

Sworn to before me on this
10th day of June 2008                           FRANCES ZACCARO



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ROX ANNE WARK
No. 00-60705-1
My Appointment Expires Feb. 8, 2012

# Exhibit F

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 08CV0459 (BSJ)

---

METROPOLITAN LIFE INSURANCE COMPANY

, Plaintiff(s)

- against -

FRANCES ZACCARO

, Defendant(s)

---

State of Nevada )
                         ) SS.:
County of Clark )

NOT FOUND OR NON SERVICE RETURN

I, the undersigned am and was on the dates herein mentioned, over the age
of eighteen years and not a party to the action, attempted to serve the
following:

SUMMONS IN A CIVIL ACTION & COMPLAINT
And that after due search, careful inquiry and diligent attempts at the
Residence:
        2180 E. WARM SPRINGS RD
        #1154
        LAS VEGAS, NV 89119
I have been unable to make delivery of said process on the
within named: FRANCES ZACCARO
Process is being returned without service for the following reasons:
        04/11/2008 at  8:10 PM - Knocked on door, no answer.
        04/14/2008 at  7:56 PM - Knocked on door, no answer.
        04/16/2008 at  3:12 PM - Knocked on door, no answer. Spoke to the
            leasing agent who refused to give infomation regarding any
            of the buildings tennants.
        04/17/2008 at  8:20 AM - Knocked on door, No answer.
        04/18/2008 at  4:13 PM - Knocked on door, No answer.

_Cathleen V Holmes_

SWORN TO BEFORE ME 6/3/08

Nillyeth Tabares            License #N/A

389

OUR DOC# 21035
Lester Schwab Katz & Dwyer LLP
120 Broadway
New York NY 10271
212-964-6611
564-7002

CATHLEEN V. HOLMES
Notary Public State of Nevada
No. 07-3770-1
My appt. exp. June 21, 2011

# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE                    :
COMPANY,
                                               :
                          Plaintiff,           :

          - against -                          :

FRANCES ZACCARO,                               :

                          Defendant.           :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/08

**ORDER**

08 Civ. 459 (BSJ)(FM)

**FRANK MAAS**, United States Magistrate Judge.

          Pursuant to a telephone conference held earlier today, it is hereby

ORDERED that:

1.  Plaintiff's application for a <u>nunc pro tunc</u> extension of the
    period for effecting service of process is granted, and service
    shall be effected by July 15, 2008.

2.  A further telephone conference shall be held on July 21, 2008,
    at 10:00 am.  Plaintiff's counsel shall initiate the call by
    calling Chambers at (212) 805-6727.

          SO ORDERED.

Dated:     New York, New York
           June 13, 2008

                                            _____
                                            FRANK MAAS
                                            United States Magistrate Judge

Copies to:

Hon. Barbara S. Jones
United States District Judge

Allan M. Marcus, Esq.
Lester, Schwab, Katz and Dwyer LLP
Fax: (212) 267-5916

Adam M. Peska, Esq.
Reich Reich & Reich, PC
Fax: (914) 949-1604

2

# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Metropolitan Life Insurance Co.
                Plaintiff,

          -against-

Frances Zacarro
              Defendant.
----------------------------------------------------------X

**ORDER OF REFERENCE**
**TO A MAGISTRATE JUDGE**

08 Civ. 459(BSJ) (FM)

    The above entitled action is referred to the designated Magistrate Judge for the following
purpose(s):

_X__ General Pretrial (includes scheduling,
        discovery, non-dispositive pretrial motions,
        and settlement)

___  Consent under 28 U.S.C. §636(c) for all
        purposes (including trial)

___  Specific Non-Dispositive Motion/Dispute:*

    _____

    _____

___  Consent under 28 U.S.C.§636(c) for
        limited purpose (e.g., dispositive motion,
        preliminary injunction)

Purpose:_____

    If referral is for discovery disputes when
    the District Judge is unavailable, the time
    period of the referral:_____

___  Habeas Corpus

___  Settlement*

___  Social Security

___  Inquest After Default/Damages Hearing

___  Dispositive Motion (i.e., motion requiring
        a Report and Recommendation)

Particular Motion:_____

_____

All such motions: ____

---

* Do not check if already referred for general pretrial.
SO ORDERED.
DATED: New York, New York
       June 2, 2008

                               _____
                                 United States District Judge

# Exhibit I

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 08CV0459 (BSJ)

_____

METROPOLITAN LIFE INSURANCE COMPANY

, Plaintiff(s)

- against -

FRANCES ZACCARO

, Defendant(s)

_____

State of Nevada )
            ) SS.:
County of Clark )

### AFFIDAVIT OF SERVICE

Nillyreth  Tabares being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of Nevada.  That on 06/25/2008 at  3:02 PM at:

      2180 E. WARM SPRINGS RD
      #1154
      LAS VEGAS NV 89119

Deponent served the:

SUMMONS IN A CIVIL ACTION & COMPLAINT
upon FRANCES ZACCARO, by delivering a true copy to recipient personally,
deponent knew the person so served to be the person described as said
recipient therein.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or Nevada. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 60 HEIGHT: 5'6''   WEIGHT: 130   HAIR: GREY    RACE: WHITE    SEX: FEMALE

389

_____
Nillyreth  Tabares    Lic. #N/A

SWORN TO BEFORE ME  6/27/08

Cathleen V Holmes

CATHLEEN V. HOLMES
Notary Public State of Nevada
No. 07-3770-1
My appt. exp. June 21, 2011

OUR DOC# 21443
Lester Schwab Katz & Dwyer LLP
120 Broadway
New York NY 10271
212-964-6611
564-7002

# Exhibit J

# Total Control Account®

## May 2008

Account No.   4049027470

Statement Period From 5/01/08 To 5/31/08
Page 1 of 1

SH-078738-TCA1PA08
**FRANCES M ZACCARO**
**2180 E WARM SPRINGS RD**
**1154**
**LAS VEGAS NV  89119-0443**

Customer Service:    (800) 638-7283

Visit MetLife's eSERVICE at www.eservice.metlife.com, and discover how MetLife has made it easier for you to manage your Total Control Account (TCA).  When you sign up for eSERVICE, you can access your TCA statements and Life Advice newsletters at your convenience from any computer with internet access. If you have registered for eSERVICE already and your email address has changed, it is important that you notify us so we may continue to send you an electronic monthly reminder that your statement and newsletter are available for viewing.  To report a change in your email address, please send an email to edelivery_support_tca@rrd.com, including your new email address.

## TCA MONEY MARKET OPTION (MMO)
*EFFECTIVE ANNUAL YIELD 1.50% AS OF 05/31/08*

## Account Summary

| | |
|---|---|
| Beginning Balance | $90,092.93 |
| Interest | $113.77 |
| Ending Balance | $90,206.70 |
| Year To Date Interest | $841.24 |
| Year To Date Federal Tax Withheld | $0.00 |

## Transaction Details

| Trans Date | Date Written | Activity | Check No | Description | Amount |
|---|---|---|---|---|---|
| 5/31 | | | | Interest | $113.77 |



**Exhibit K**

**MEMO ENDORSED**

REICH REICH & REICH, P.C.
ATTORNEYS AT LAW
THE NORTHCOURT BUILDING
175 MAIN STREET · SUITE 300
WHITE PLAINS, NEW YORK 10601-3257
(914) 949-2126
FAX (914) 949-1604
e-mail Reichlaw@aol.com

LAWRENCE R. REICH
ROBIN REICH[*]
JEFFREY A. REICH

JOANNE PRICE
PARALEGAL

[*]ALSO ADMITTED IN CT

SIDNEY H. REICH
(1904-1990)

*I see no need for a further conference at this time. Nobody disputes that Ms. Zaccaro is entitled to $9,000, plus the interest thereon. Accordingly, a sum corresponding to that should be available for Ms. Zaccaro to draw down.*

*Maas, USMJ,*
*6/13/08*

June 13, 2008

**Sent Via Fax (212) 805-6724**

The Honorable Frank Maas
United State District Court
500 Pearl Street
New York, NY 10007

Re: Metropolitan Life Insurance Company v. Frances Zaccaro
Docket Number: 1:08 CV 459

Dear Judge Maas:

Please be advised that this firm represents the defendant Frances Zaccaro.

I am writing this letter following this morning's court teleconference regarding the above. It was my original understanding that plaintiff MetLife was directed to release the "interest" on the subject account, however, after speaking with counsel Allan Marcus, it is the Plaintiff's position that the Plaintiff was only directed to release the "$ 9,000 benefit." However, Mr. Marcus has always known that the original $ 9,000 was never an issue regarding the action nor is presently in the subject account.

Be that as it may, as I prefaced defendant's argument to release the account (or a portion thereof), I made specific reference to those funds that had been reported to the IRS as 1099 income. That was the portion I had referenced, and the portion I believed that the Court directed be released. At this time, I am unsure and I apologize for my misunderstanding.

It is therefore respectfully requested that a teleconference be scheduled some time early next week for purposes of clarification or, alternatively, addressing this issue at the next teleconference.

Respectfully submitted,

Adam M. Peska (AP-1678)
of counsel

# Exhibit L



METLIFE & AFFILIATES - C/O PFPC
P.O. BOX 8908
WILMINGTON, DE 19899

Recipient's Name, Street, City, State, Zip

FRANCES M ZACCARO
2180 E WARM SPRINGS RD
1154
LAS VEGAS                    NV 891190443

Recipient's Identification Number

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

OMB # 1545-0112

# 2007 Form 1099-INT

Interest Income

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

| Payer's Federal Identification Number | Fund No. | Account Number (See Instructions) | Box 1 Interest Income | Box 2 Early Withdrawal Penalty | Box 3 Interest on U.S. Savings Bonds and Treas. Obligations | Box 4 Federal Income Tax Withheld | Box 6 Foreign Tax Paid | Box 7 Foreign country or U.S. possession |
|---|---|---|---|---|---|---|---|---|
| 062 — TOTAL CONTROL ACCOUNT | | | | | | | | |
| 13-5581829 | 001 | 4049027470 | 3,365.90 | .00 | .00 | .00 | .00 | .00 |

2007 TAX INFORMATION NOTICE TO ACCOUNTHOLDERS, COPY B FOR RECIPIENT

The above Form 1099-INT summarizes interest income from your account(s) for the calendar year 2007. Please consult your local tax advisor to determine how the interest income should be reported. If you require additional information, please call our Customer Service Center at (800) 638-7283 and a representative will assist you.

**Exhibit M**



Department of Treasury
**Internal Revenue Service**
5045 E BUTLER AVE
FRESNO, CA 93888-0021

| | |
|---|---|
| **AUR Control:** | 50036-5069 |
| **Notice:** | CP2000 |
| **Notice Date:** | April 16, 2007 |

**Social Security Number:**
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
**Form:** 1040A
**Tax Year:** 2005
**To call for assistance:**
1-800-829-3009 Toll free
between 7:00 AM - 8:00 PM
**To FAX information:**
559-456-5641 FAX
**Contact:**
Office of N Rymer

FRANCES ZACCARO & S MORRISSEY DECD
2180 E WARM SPRINGS RD APT 1154
LAS VEGAS NV 89119-0443795

---

## You Must Return the Response Form by May 16, 2007.

### 1 | Why are you getting this notice?

The income and payment information (e.g., income tax withheld, wages, miscellaneous income, interest, etc.) that we have on file does not match entries on your 2005 Form 1040A. If this information is correct, you will owe $789.

The proposed changes to your tax are listed below.

| Summary of Proposed Changes | |
|---|---|
| 2005 Tax Increase | $ 725 |
| Payment Increase | $ 0 |
| Penalties - may not include all applicable penalties | $ 0 |
| Interest - if paid by May 16, 2007 | $ 64 |
| **Proposed Balance Due** | **$ 789** |

### 2 | What steps should you take?

Following these steps will help you understand this notice.

1. Review your 2005 tax return.
2. Compare your return to the information in the *Explanation Section* — page 5.
3. Decide if the information in the *Explanation Section* is correct.
4. Check the answers to *Frequently Asked Questions* — page 2.
5. Complete and return the *Response Form* in the enclosed envelope — page 3.
6. Complete and return the *Installment Agreement Request* (enclosed) if you need to set up a payment plan.
7. Review your rights in *The Examination Process* Booklet (enclosed).

### 3 | What happens if you don't respond by May 16, 2007?

We will send you a final notice, followed by a bill. During this time, interest will increase and certain penalties may apply.

{SP1A}

CP2000 (Rev. 11/2004)

FRESNO IRS CENTER                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              ZACC        AO15      04/16/2007
                                50036-5069

## Frequently Asked Questions

| | |
|---|---|
| **Why did it take IRS so long to contact me?** | Tax years generally end on December 31, but we may not receive complete information from employers, banks, businesses, and other payers until much later. |
| **Will I need to file amended returns (federal/state/local) if I agree with some or all of the proposed changes?** | 1. Do not file an amended federal return for the tax year shown in the upper right hand corner of page 1. We will correct this tax year when we receive your response. <br> 2. If the changes on this notice apply to your state tax return, file an amended state/local tax return as soon as possible. We send information about changes based on this notice to your state and local tax agencies. <br> 3. File amended returns for any prior or subsequent tax years in which the same error occurred. You'll limit the penalty and interest you owe. |
| **What should I do if I am currently in bankruptcy?** | If you filed for bankruptcy, please complete and return the response page, including any applicable supporting documentation if you checked Option 2 or Option 3. Please be sure to also include a copy of your bankruptcy petition. |
| **What steps do I take if I do not agree?** | We need you to tell us why you do not agree and send us information to support your statement. Please refer to *The Examination Process* Booklet (enclosed) for tips about what information you should send with your response. |
| **What if I need more time to collect my supporting documentation?** | If you cannot respond by May 16, 2007, please call us at 1-800-829-3009 to request an extension. *Remember: If the tax increase is correct, then we will add interest and penalties to your bill during the extension.* |
| **Why do I have to pay interest and penalties?** | We are required by law to charge interest and penalties, if applicable, on all tax owed that is not paid in full by its due date (usually April 15). By law, interest will continue to increase until you have fully paid the tax owed and certain penalties may apply. |
| **How can I prevent an error in the future?** | 1. Include all income you've received during the year on your tax return. <br> 2. Wait to file your return until you receive all income statements to be sure your return is complete. If you do not receive an income statement in time to meet the April 15th deadline, estimate the amount of income using pay stubs, bank statements, etc. <br> 3. Check the records (for example, W-2s, 1098s, 1099s, etc.) you receive from your employer, mortgage company, bank, or other source of income to be sure the information they're reporting is correct. (Some states pay taxable unemployment benefits, so report that as income as well.) <br> 4. If you receive any additional information after you filed your return, you should amend your return with the corrected information as soon as possible to avoid any interest or penalties. <br> 5. Keep accurate and complete records. Normally, keeping your records for three years is sufficient. |
| **What if I have more questions?** | If we haven't answered your question here, you can find other Frequently Asked Questions on our website, www.irs.gov, or you can call 1-800-829-4477, topic 652, for pre-recorded responses. |

FRESNO IRS CENTER                    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              ZACC        AO15      04/16/2007
                                     50036-5069

## Response Form

1. **Review the Explanation Section to decide whether you agree or do not agree with IRS's proposed changes.**
2. **Complete and return the Response Form by May 16, 2007.**
3. **If you need additional time, call us at 1-800-829-3009.**

| STEP A | Check only one of the three options. Then, go to Step B. |

*If you agree with the changes IRS is proposing, return this form with your FULL or PARTIAL payment along with the completed Installment Agreement Request for the remaining balance (if applicable).*

☐ **OPTION 1 | I Agree with All Changes**
   I agree with the changes to my 2005 tax return.
   I understand that I owe **$ 789** in additional tax, penalties, and interest.
   I understand that the law requires IRS to charge interest on taxes that are not paid in full by **April 17, 2006.**
   In addition, I understand that the IRS will charge interest until I have paid the tax in full. Certain penalties may also apply.
   I understand that I can challenge these changes in the U.S. Tax Court only if IRS determines after the date I sign this form that I owe additional taxes for **2005.**
   I understand that I can file for a refund at a later date.
   I understand that both myself and my spouse must sign below.

   _____       _____       _____       _____
   Signature                     Date                Spouse's Signature            Date

*If you do not agree with the changes IRS is proposing, return this form. When you return this form, include a signed statement that explains what you do not agree with. Also include copies of any documents, such as a corrected W-2, 1099, or missing forms, that support your statement.*

☐ **OPTION 2 | I Do Not Agree with Some of the Changes**
   I've enclosed documentation to support the entries on my original return.

☐ **OPTION 3 | I Do Not Agree with Any of the Changes**
   I've enclosed documentation to support the entries on my original return.

| STEP B | Check the applicable payment options. Then, go to Step C. |

*Tip! Pay as much as you can now to keep penalty and interest charges low.*
Make your check or money order payable to "United States Treasury." Write "Tax Year 2005 CP2000," this Social Security Number 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, and your phone number on your check or money order.

☐ **OPTION 1 | I'm paying the full amount of $ 789.**

☐ **OPTION 2 | I'm making a payment of $_____ because either:**
   ☐  I'm paying the amount I agree with or
   ☐  I'm making a partial payment at this time

☐ **OPTION 3 | I'd like to request a payment plan to pay the tax I owe.**
*Complete the Installment Agreement Request (Form 9465) and mail it along with this form.*

*Betty Harguess #8901677*

*(fax) 559-456-5698*

FRESNO IRS CENTER         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         ZACC       AO15       04/16/2007
                                50036-5069

---

**STEP C**     **Contact Information**

1. Please verify your address and note any corrections below. *(Print clearly.)*

FRANCES ZACCARO & S MORRISSEY DECD      Make corrections below
2180 E WARM SPRINGS RD APT 1154
LAS VEGAS NV 89119-0443795

2. Please list your phone numbers and the best time to call below.

| Home | Best Time to Call |
|---|---|
| Work | Best Time to Call |

3. If you would like to authorize someone, in addition to you and your Spouse, to contact IRS concerning this notice, please include the person's contact information and sign below.

Name *Adam Plaska*     Phone *914-686-5042*

Address

*175 Main Street / White Plains N.Y 10601, Suite 300*

I authorize the person listed above to discuss information with and provide information to IRS about this notice.

*Frances M. Zaccaro*   *10/22/07*
Signature       Date       Spouse's Signature       Date

The authority granted in Step C is limited as indicated by the statement above the signature line. The contact may not sign returns, enter into agreements, or otherwise represent you before the IRS. If you want to have a designee with expanded authorization, see IRS Publication 947, Practice Before the IRS and Power of Attorney.

---

**Before Mailing**     **Please make sure you have:**

☐ Completed Steps A, B, and C (both sides of this form).
☐ Included this form and your payment (if applicable) in the envelope provided.
☐ Included the *Installment Agreement Request* (if applicable) in the envelope provided.
☐ Made a copy for your records of the *Response Form* and the *Installment Agreement Request* if you used it.
☐ Checked that the IRS address shows through the envelope window.

Please Fold Here. Do not detach. Please be sure our address shows through the envelope window.

AUR Control Number: 50036-5069        Notice Number: CP2000
                            Notice Date: 04/16/2007

                         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

INTERNAL REVENUE SERVICE        FRANCES ZACCARO & S MORRISSEY DECD
FRESNO IRS CENTER                2180 E WARM SPRINGS RD APT 1154
5045 E BUTLER AVE                 LAS VEGAS NV 89119-0443795
FRESNO, CA 93888-0021

{RF02}                    Page 4                    CP2000 (Rev. 11/2004)

| FRESNO IRS CENTER | 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 | ZACC | AO15 | 04/16/2007 |
| | 50036-5069 | | | |

## Explanation Section

**How to Review This Section**

1. Compare your records with the records we received under **Information Reported to IRS.**
2. Review the **Reasons for the Changes** to see why we changed your return.
3. Proceed to **Changes to Your Return** to see how your new tax was calculated.
4. Once you have fully reviewed the **Explanation Section,** please complete and return the **Response Form** in the envelope provided.

### 1. Information Reported to IRS *that differs from the amounts shown on your return.*

This section tells you specifically what income information IRS has received about you from others (including your employers, banks, mortgage holders, etc.). The information listed below does not match the information you listed on your tax return. Use this table to compare the data IRS has received from others to the information you listed on your tax return to understand where the discrepancy, or difference, occurred.

If this information is correct, your tax increase is **$ 725 plus all applicable payment adjustments, penalties and interest.** If you pay in full by **May 16, 2007,** you'll owe **$ 789.**

| Item No. | Issue | Received From | Account Information | Amount Reported to IRS by Others | Amount Included on Your Return | Difference |
|---|---|---|---|---|---|---|
| 1 | INTEREST | METLIFE & AFFILIATES - C O PFPC TOTAL CONTROL ACCOUNT PO BOX 8908 WILMINGTON DE 19899 | 0620014049027470 SSN 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 Form 1099-INT | $ 1,598 | $ 0 | $ 1,598 |
| | | INTEREST (TOTAL) | | $ 1,598 | $ 0 | $ 1,598 |
| 2 | SOCIAL SECURITY/RAILROAD RETIREMENT | SOCIAL SECURITY ADMINISTRATION | SSN 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 Form 1099-SSA | $ 16,919 | - | - |

{EX06}                               Page 5                          CP2000 (Rev. 11/2004)

FRESNO IRS CENTER                    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                ZACC        AO15        04/16/2007
                                     50036-5069

| Item No. | Issue | Received From | Account Information | Amount Reported to IRS by Others | Amount Included on Your Return | Difference |
|----------|-------|---------------|---------------------|----------------------------------|--------------------------------|------------|
| 3 | SOCIAL SECURITY/RAILROAD RETIREMENT | SOCIAL SECURITY ADMINISTRATION | SSN 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 Form 1099-SSA | $ 1,490 | - | - |

FRESNO IRS CENTER                    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          ZACC       AOIS      04/16/2007
                                     50036-5069

## 2. Reasons for the Changes

This section provides explanations to help you understand the proposed changes to your tax return.

The paragraphs that follow provide explanations for:
- the items listed in Section 1. *Information Reported to IRS*
- the changes to your tax computation listed in Section 3. *Changes to Your Return*
- the penalty and interest charges listed in Section 3. *Changes to Your Return*
- *Payment Instructions*
- *Additional Information* that will help you understand this notice and what action you need to take to resolve the tax discrepancy

Within each subsection below, the paragraphs are organized by topic to help you review them.

These paragraphs explain the items listed in Section 1. *Information Reported to IRS.*

## Income

### Social Security or Railroad Retirement

SOCIAL SECURITY OR TIER 1 RAILROAD RETIREMENT BENEFITS
Our notice includes Social Security or Railroad Tier 1 Retirement benefits. These benefits are partially taxable if your adjusted gross income, plus 50% of the gross benefits, exceeds the following:
* $25,000 if filing Single, Head of Household, Qualifying Widow(er), or Filing Separately and you did not live with your spouse at any time during the year.
* $32,000 if Married Filing Jointly; or
* $0 if Married Filing Separately and you lived with your spouse at any time during the year.
If the underreported items that cause the adjusted gross income to increase are found to be reported, the taxable Social Security/Tier 1 Railroad Retirement Benefits will be adjusted accordingly.

{EX10}                          Page 7                    CP2000 (Rev. 11/2004)

Department of Treasury
**Internal Revenue Service**
5045 E BUTLER AVE
FRESNO, CA 93888-0021

AUR Control: 50044-3430

Notice: CP2000
Notice Date: May 27, 2008

Social Security Number:
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

Form: 1040
Tax Year: 2006

To call for assistance:
1-800-829-3009 Toll free

between 7:00 AM - 8:00 PM

To FAX information:
877-477-0962 Toll free

Contact:
Office of P Rogers

003563.500455.0027.001 2 AT 0.471 1740

FRANCES M ZACCARO
2180 E WARM SPRINGS RD UNIT 1154
LAS VEGAS  NV 89119-0443795

003563

| You Must Return the Response Form by | June 26, 2008 |
|---|---|

## 1 | Why are you getting this notice?

The income and payment information (e.g., wages, miscellaneous income, interest, income tax withheld, earned income credit, etc.) that we have on file does not match entries on your 2006 Form 1040.    If this information is correct, you will owe $994.

The proposed changes to your tax are listed below.

| Summary of Proposed Changes | | |
|---|---|---|
| 2006 Tax Increase | $ | 910 |
| Payment Increase | $ | 0 |
| Penalties - may not include all applicable penalties | $ | 0 |
| Interest - if paid by  June 26, 2008 | $ | 84 |
| Proposed Balance Due | $ | 994 |

## 2 | What steps should you take?

Following these steps can help you understand this notice.

1. Review your 2006 tax return.
2. Compare your return to the information in the *Explanation Section* -- page 5.
3. Decide if the information in the *Explanation Section* is correct.
4. Check the answers to *Frequently Asked Questions* -- page 2.
5. Complete and return the *Response Form* in the enclosed envelope -- page 3.
6. Complete and return the *Installment Agreement Request* (enclosed) if you need to set up a payment plan.
7. Review your rights in *The Examination Process* Booklet (enclosed).

## 3 | What happens if you don't respond by  June 26, 2008?

We will send you a final notice, followed by a bill.  During this time, interest will increase and certain penalties may apply.

{SP1A}

CP2000 (Rev. 11/2004)

FRESNO IRS CENTER                    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                    ZACC  A015  05/27/2008
                                     50044-3430

## Frequently Asked Questions

**Why did it take IRS so long to contact me?**

Tax years generally end on December 31, but we may not receive complete information from employers, banks, businesses, and other payers until much later.

**Will I need to file amended returns (federal/state/local) if I agree with some or all of the proposed changes?**

1. You do not need to file an amended federal tax return to include the proposed changes shown on this notice. We will correct this tax year when we receive your response. If you choose to file an amended tax return, write "CP2000" along the top of the 1040X, attach it behind the Response Form page and send to the address shown on this notice.
2. If the changes on this notice apply to your state tax return, file an amended state/local tax return as soon as possible. We send information about changes based on this notice to your state and local tax agencies.
3. File amended returns for any prior or subsequent tax years in which the same error occurred. You'll limit the penalty and interest you owe.

**What should I do if I am currently in bankruptcy?**

If you filed for bankruptcy, please complete and return the response page, including any applicable supporting documentation if you checked Option 2 or Option 3. Please be sure to also include a copy of your bankruptcy petition.

**What steps do I take if I do not agree?**

We need you to tell us why you do not agree and send us information to support your statement. Please refer to *The Examination Process Booklet* (enclosed) for tips about what information you should send with your response.

**What if I need more time to collect my supporting documentation?**

If you cannot respond by June 26, 2008,        please call us at 1-800-829-3009 to request an extension. *Remember: If the tax increase is correct, then we will add interest and penalties to your bill during the extension.*

**Why do I have to pay interest and penalties?**

We are required by law to charge interest and penalties, if applicable, on all tax owed that is not paid in full by its due date (usually April 15). By law, interest will continue to increase until you have fully paid the tax owed and certain penalties may apply.

**How can I prevent an error in the future?**

1. Include _all_ income you've received during the year on your tax return.

2. Wait to file your return until you receive all income statements to be sure your return is complete. If you do not receive an income statement in time to meet the April 15th deadline, estimate the amount of income using pay stubs, bank statements, etc.

3. Check the records (for example, W-2s, 1098s, 1099s, etc.) you receive from your employer, mortgage company, bank, or other source of income to be sure the information they're reporting is correct. (Some states pay taxable unemployment benefits, so report that as income as well.)

4. If you receive any additional information after you filed your return, you should amend your return with the corrected information as soon as possible to avoid any interest or penalties.

5. Keep accurate and complete records. Normally, keeping your records for three years is sufficient.

**What if I have more questions?**

If we haven't answered your question here, you can find other Frequently Asked Questions on our website. www.irs.gov, or you can call 1-800-829-4477, topic 652, for pre-recorded responses.

PBSNO IRS CENTER    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    ZACC  A015  05/27/2008
50044-3430

## Response Form

1. **Review the Explanation Section to decide whether you agree or do not agree with IRS's proposed changes.**

2. **Complete and return the Response Form by** June 26, 2008.

3. **If you need additional time, call us at** 1-800-829-3009.



003563

## STEP A   Check only one of the three options. Then go to Step B.

*If you agree with the changes IRS is proposing, return this form with your payment or with the completed Installment Agreement Request.*

☐ **OPTION 1|  I Agree with All Changes**

I agree with the changes to my 2006 tax return.
I understand that I owe $994 in additional tax, penalties, and interest.
I understand that the law requires IRS to charge interest on taxes that are not paid in full by April 17, 2007.  In addition, I understand that the IRS will charge interest until I have paid the tax in full.  Certain penalties may also apply.
I understand that I can challenge these changes in the U.S. Tax Court only if IRS determines after the date I sign this form that I owe additional taxes for 2006.
I understand that I can file for a refund at a later date.

_____        _____
Signature                                        Date

*If you do not agree with the changes IRS is proposing, return this form.  When you return this form, include a signed statement that explains what you do not agree with.  Also include copies of any documents, such as a corrected W-2, 1099, or missing forms, that support your statement.*

☐ **OPTION 2|  I Do Not Agree with Some of the Changes**
I've enclosed documentation to support the entries on my original return.

☐ **OPTION 3|  I Do Not Agree with Any of the Changes**
I've enclosed documentation to support the entries on my original return.

## STEP B   Check the applicable payment options.  Then go to Step C.

*Tip! Pay as much as you can now to keep penalty and interest charges low.*
*Make your check or money order payable to "United States Treasury." Write "Tax Year 2006 CP2000," this*
*Social Security Number* 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 *and your phone number on your check or money order.*

☐ **OPTION 1|.  I'm paying the full amount of** $994

☐ **OPTION 2|  I'm making a payment of** $ _____ **because either:**
☐ I'm paying the amount I agree with or
☐ I'm making a partial payment at this time

☐ **OPTION 3|  I'd like to request a payment plan to pay the tax I owe.**
*Complete the Installment Agreement Request (Form 9465) and mail it along with this form.*



*151308270200061*

```
FRESNO IRS CENTER              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
ZACC      A015     05/27/2008   50044-3430
```

## STEP C  Contact Information

**1. Please verify your address and note any corrections below.**  *(Print clearly.)*

Make corrections below.

```
FRANCES M ZACCARO
2180 E WARM SPRINGS RD UNIT 1154
LAS VEGAS   NV 89119-0443795
```

**2. Please list your phone numbers and the best time to call below.**

| Home | Best Time to Call |
|------|-------------------|
| Work | Best Time to Call |

**3. If you would like to authorize someone, in addition to you ,**
to contact IRS concerning this notice, please include the person's contact information and sign below.

| Name | Phone |
|------|-------|
| Address | |

I authorize the person listed above to discuss information with and provide information to IRS about this notice.

_____     _____
Signature                   Date

*The authority granted in Step C is limited as indicated by the statement above the signature line. The contact may not sign returns, enter into agreements, or otherwise represent you before the IRS. If you want to have a designee with expanded authorization, see IRS Publication 947, Practice Before the IRS and Power of Attorney.*

## Before Mailing  Please make sure you have:

☐ Completed Steps A, B, and C (both sides of this form).
☐ Included this form and your payment (if applicable) in the envelope provided.
☐ Included the *Installment Agreement Request* (if applicable) in the envelope provided.
☐ Made a copy for your records of the *Response Form* and the *Installment Agreement Request* if you used it.
☐ Checked that the IRS address shows through the envelope window.

**Please Fold Here.  Do not detach.** Please be sure our address shows through the envelope window.

AUR Control Number:  50044-3430

{RF02}

Notice Number: CP2000
Notice Date: 05/27/2008

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

```
INTERNAL REVENUE SERVICE          FRANCES M ZACCARO
FRESNO IRS CENTER                 2180 E WARM SPRINGS RD UNIT 1154
5045 E BUTLER AVE                 LAS VEGAS   NV 89119-0443795
FRESNO, CA 93888-0021
```

Page   4 CP2000 (REV. 11/2004)

```
151308270 IW ZACC 30 0 200612 640 00000099400
```

FRESNO IRS CENTER                    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                ZACC  A015  05/27/2008
                                     50044-3430

## Explanation Section

**How to Review This Section**

1. Compare your records with the records we received under **Information Reported to IRS**.
2. Review the **Reasons for the Changes** to see why we changed your return.
3. Proceed to **Changes to Your Return** to see how your new tax was calculated.
4. Once you have fully reviewed the **Explanation Section**, please complete and return the **Response Form** in the envelope provided.



003563

### 1. Information Reported to IRS that differs from the amounts shown on your return

This section tells you specifically what income information IRS has received about you from others (including your employers, banks, mortgage holders, etc.). The information listed below does not match the information you listed on your tax return. Use this table to compare the data IRS has received from others to the information you listed on your tax return to understand where the discrepancy, or difference, occurred. To assist you in reviewing your income amounts, the table may include both reported and unreported amounts from the same payer.

If this information is correct, your tax increase is  $ 910            plus all applicable penalties, interest and payment adjustments such as federal tax withholding, excess social security tax withheld, etc.  If you pay in full by June 26, 2008          , you'll owe 994.

| INTEREST<br>Account Information | Amount Reported to IRS by Others | Amount Included on Your Return | Difference |
|---|---|---|---|
| #001 SSN: 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 Form 1099-INT<br>ACCT: 0620014049027470<br><br>METLIFE & AFFILIATES - C O PFPC<br>TOTAL CONTROL ACCOUNT<br>PO BOX 8908<br>WILMINGTON DE  19899 | $        3,251 | $           0 | $        3,251 |
| INTEREST Total | $        3,251 | $           0 | $        3,251 |

FRESNO IRS CENTER                    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                  ZACC  A015  05/27/2008
                                     50044-3430

## 2. Reasons for the Changes

.This section provides explanations to help you understand the proposed changes to your tax return.

The paragraphs that follow provide explanations for:

- the items listed in Section 1. *Information Reported to IRS*
- the changes to your tax computation listed in Section 3. *Changes to Your Return*
- the penalty and interest charges listed in Section 3. *Changes to Your Return*
- *Payment Instructions*
- *Additional Information* that will help you understand this notice and what action you need to take to resolve the tax discrepancy

Within each subsection below, the paragraphs are organized by topic to help you review them.

---

These paragraphs explain the items listed in Section 1. Information Reported to IRS.

| Other Income |
| --- |

| General |
| --- |

MISIDENTIFIED INCOME
If any of the income shown on this notice is not yours, send us the name, address, and social security number of the person who received the income. Please notify the payers to correct their records to show the name and social security number of the person who actually received the income, so that future reports to us are accurate.

FORM W-2 OR 1099 NOT RECEIVED
The law requires you to report your income correctly. If your payers did not send you a yearly income statement (Form W-2, Form 1099, etc.), you must use the information you have (pay stubs, monthly income statements, deposit slips, etc.) to estimate the total amount of income you received during the year.

| Penalty & Interest Charges |
| --- |

| Interest Charges |
| --- |

INTEREST PERIOD - IRC SECTION 6601
We are required by law to charge interest on unpaid tax from the due date of the tax return to the date the tax is paid in full. The law requires that interest continue to be charged on the unpaid balance, including penalties, until paid in full.

| For More Information about Your Penalty & Interest Charges |
| --- |

DETAILED PENALTY/INTEREST COMPUTATION
If you require a detailed penalty or interest computation for this notice, please call the toll-free telephone number listed on page 1.

FRESNO IRS CENTER                    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                ZACC  A015  05/27/2008
                                     50044-3430

| Payment of Tax or Balance Due |
|---|

| BACKUP WITHHOLDING ON INTEREST AND DIVIDENDS<br>Our proposed changes are based completely or partially on interest or dividends not reported on your tax return.  If you agree that the income shown in our proposal is correct, and the tax increase is not paid, we may notify payers to deduct and withhold 28% of any payments they make to you in the future.  This is called backup withholding and occurs when interest or dividend income is not reported on your tax return, as required by law. |
|---|



| Additional Information |
|---|

003563

| FORMS OR SCHEDULES AVAILABILITY<br>If you need forms or schedules to respond to this notice you may get them by:<br>※  Visiting local offices and some public libraries<br>※  Calling 1-800-TAX-FORM (1-800-829-3676) or<br>※  Visiting the IRS Web site at www.irs.gov. |
|---|

| INSTALLMENT AGREEMENT REQUEST - SIGNATURES NEEDED<br>If you would like to set up an installment agreement you must complete the enclosed Form 9465 AND the signature page of the CP2000, Step A, Option 1, Consent to Tax Increase.  For taxpayers who filed a joint return the Form 9465 and the Consent to Tax Increase must contain both signatures to process their request.  If the signature(s) is missing from either of these forms, delays may occur. |
|---|

| RESPONSE CONFIRMATION TIMEFRAME<br>When mailing your response to our notice please allow 3-4 weeks for confirmation of receipt. |
|---|

FRESNO IRS CENTER    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    ZACC  A013  05/27/2008
50044-3430

## 3. Changes to your Return

*Note: We only show the items that have been affected by the information we received in the following chart. All other items are correct as shown on your return. Unless noted, line numbers always refer to the line number on your tax return.*

| Changes to Your Income and Deductions | Shown on Return | Reported to IRS, or as Corrected | Difference |
|---|---|---|---|
| INTEREST | $        0 | $     3,251 | $     3,251 |
| Income Net Difference | | | $    .3,251 |
| Total Change to Taxable Income | | | $    .3,251 |

| Changes to Your Tax Computation | Shown on Return | As Corrected By IRS | Difference |
|---|---|---|---|
| Taxable Income, line 43 | $    80,165 | $    83,416 | $     3,251 |
| Tax, line 44 | $    16,781 | $    17,691 | $       910 |
| Total Tax, line 63 | $    16,781 | $    17,691 | $       910 |
| Net Tax Increase | | | $       910 |

| Summary of Proposed Changes | | |
|---|---|---|
| Amount of Tax Increase | | $       910 |
| Interest, IRC Section 6601, From 04/17/2007 To  06/26/2008 | | $        84 |
| Total Amount You Owe | | $       994 |

**Exhibit N**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL H. COHEN,

                    Plaintiff,

          -v-                                          No. 00 Civ. 6112 (LTS)(FM)

METROPOLITAN LIFE INS. CO.
and BLUE SKY STUDIOS,

                    Defendants.

---

## MEMORANDUM ORDER

In this Memorandum Order the Court addresses: (1) MetLife's motion to permit the filing of a supersedeas bond staying enforcement of the Court's judgment pending appeal; and (2) Plaintiff's motion to hold Defendant Metropolitan Life Insurance Company ("MetLife") in civil contempt for failure to comply with the Court's April 9, 2007, Order and the Judgment entered therein. The Court has carefully reviewed all of the parties' submissions relating to the aforementioned motion practice. For the following reasons, Defendant's motion to post a supersedeas bond is denied and Plaintiff's motion for civil contempt is granted.

### MetLife's Motion to Post a Supersedeas Bond

MetLife has moved the Court for leave to post a supersedeas bond and thereby stay the April 2007 Order and Judgment as a matter of right under Federal Rule of Civil Procedure 62(d). Rule 62(d) provides, in relevant part, that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). However, Rule 62(d) applies to money judgments. Here, the relevant portions of the Court's April 9, 2007, Opinion and Order

did not award a money judgment but, rather, determined pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") that MetLife was not entitled to deny disability benefits to Plaintiff on the basis of a pre-existing condition and remanded the matter to MetLife, in its fiduciary capacity as claims administrator, for a determination and award of benefits.  Accordingly, Rule 62(d) is inapplicable.  MetLife's application for a stay must therefore be analyzed pursuant to Rule 62(c) which provides that a court may, at its discretion, "suspend, modify, restore, or grant an injunction on terms for a bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).  In determining whether to issue a stay of judgment pending appeal, courts in this circuit analyze four factors, namely: (1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success, on appeal; (2) whether, without a stay, the movant will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; and (4) wherein lies the public interest.  Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir. 1993); In re Tower Automotive, Inc., No. 06 Civ. 2105 (RWS), 2007 WL 1975447, *2 (S.D.N.Y. Jul. 6, 2007).  For the balance of the equities reasons articulated in the Court's November 21, 2007, Order, as well as the reasons advanced by Plaintiff in her opposition to the instant application, MetLife's supersedeas bond application is denied.[1]

---

[1]     The Court also notes that MetLife's application is untimely.  Specifically, the Court's November 21, 2007, Order, directed MetLife to pay Plaintiff's attorneys' fees.  MetLife's current application to obtain a stay by filing a supersedeas bond was not initiated until March 31, 2008 – more than four months after it was ordered to pay Plaintiff's attorneys' fees and two months after its belated determination as to Plaintiff's entitlement to benefits.  Accordingly, the equities do not weigh in favor of granting MetLife's application for a stay in connection with the posting of a supersedeas bond.

<u>Plaintiff's Motion for Civil Contempt</u>

Plaintiff moves the Court to hold Defendant MetLife in civil contempt of court for

failing comply with the Court's April 9, 2007, Order.  A party will be held in civil contempt of a

court order upon a showing of "clear and convincing evidence of a violation of a clear and

unambiguous order of the court."  <u>Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse</u>

<u>Corp.</u>, No. 06 Civ. 0085, 2007 WL 2982295, at *3 (S.D.N.Y. Oct. 10, 2007) (citation omitted);

<u>Perez v. Danbury Hosp.</u>, 347 F.3d 419, 423-24 (2d Cir. 2003); <u>Perfect Fit Industries, Inc. v.</u>

<u>Acme Quilting Co., Inc.</u>, 673 F.2d 53, 56-57 (2d Cir. 1982) (holding that when the purpose of a

finding of civil contempt is to coerce the contemnor into complying with a court order, "the

district court has broad discretion to design a remedy that will bring about compliance").  While

the violation need not be willful, the Court finds that the contempt at issue in the instant matter

was willful.[2]

The Court's April 9, 2007, Opinion and Order was unambiguous.  The pre-

existing condition exclusion was held inapplicable as a matter of law, which means that MetLife

cannot use it as a reason for non-payment of benefits.  MetLife was directed to award Plaintiff

benefits if Plaintiff qualified under the other provisions of the plan.  MetLife determined that

Plaintiff is entitled to disability benefits under the relevant plan but now takes the position that it

is not obliged to pay those benefits unless this Court's April 9, 2007, determination as to the

inapplicability of the pre-existing condition exclusion is upheld on appeal.  MetLife's position is

---

[2]        In its November 21, 2007, Memorandum Order the Court found MetLife
in civil contempt for its wilful failure to comply with the Court's April
2007 Order insofar as that Order required MetLife to make a determination
of Plaintiff's disability status.

nothing short of contemptuous. This Court's decision, as incorporated into the judgment remanding the action, is the law of the case and is and was un-stayed. Nothing in the Court's Opinion, the Judgment, or the law permits MetLife to condition its compliance with the Court's direction to award benefits on the outcome of its appeal of the Court's decision. MetLife's approach is contemptuous of the Court's authority and the law, as well as inconsistent with any rational notion of what constitutes a benefit "award" under an ERISA-governed plan and a fiduciary's obligation to act in the best interests of its plan participants.

Accordingly, Plaintiff's motion to hold MetLife in contempt and for sanctions is granted. MetLife shall pay Plaintiff her back disability benefits in the amount of $269,552.00, less any applicable withholding taxes, which figure is inclusive of her April 2008 benefit amount, and pay timely her regular monthly benefit amounts thereafter in accordance with the provisions of the plan and the governing judicial determinations.[3] Moreover, MetLife is hereby assessed a $10,000 fine, payable to the Clerk of this Court, and shall also pay Plaintiff's attorney

---

[3]    The parties agree that Ms. Cohen's monthly base benefit under the plan is $3,000.00 commencing March 10, 1997, and that the base benefit is reduced by the amount of her initial monthly social security disability benefit, for each month for which she receives such a benefit. The exhibits to the parties motion papers include correspondence from the Social Security Administration identifying Plaintiff's initial June 1997 benefit as $1054.00. (Koob Decl. Ex. D.) Accordingly, Ms. Cohen is entitled to current monthly benefits in the sum of $1,946.00, plus back benefits as follows:

March 1997 - October 1991: 8 months @ $3,000 = $24,000
November 1997: 1 month @ $2,302 ($3,000 - $698) = $2,302
December 1997 - April 2008: 125 months @ $1,946 ($3,000 - $1054) = $243,250

**Total = $269,552.00**

$141,553.27 in attorneys' fees and costs in accordance with the Court's November 21, 2007, Memorandum Order, plus the $5,850 in attorney's fees that Plaintiff incurred in connection with this contempt motion practice.  See New York State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1043-44 (S.D.N.Y. 1997) ("it is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior").

The aforementioned back benefit, fine and attorneys' fees and costs payments shall be made by **12:00 p.m. on Friday, April 25, 2008**, and proof of payment shall be filed promptly with the Clerk of Court.  For each calendar day following the April 25, 2008, deadline that Defendant has failed to make any portion of the required payments, it shall pay an additional $1,000 per day penalty, payable directly to Ms. Cohen.[4]

<u>CONCLUSION</u>

Accordingly, for the foregoing reasons, Defendant MetLife's motion (docket entry no. 125) to file a supersedeas bond to stay enforcement of the Court's judgment is denied. Plaintiff's motion to hold MetLife in civil contempt is granted (docket entry no. 122).  MetLife shall pay Plaintiff her disability back benefits in the amount of $269,552.00, less any applicable withholding taxes, which is inclusive of her April 2008 benefit amount, plus regular monthly benefit amounts thereafter in accordance with the provisions of the plan and the governing judicial determinations.   MetLife shall also pay Plaintiff's attorney $141,553.27 in attorneys'

---

[4]     Plaintiff's request for pre- or post-judgment interest as a component of the contempt award is denied without prejudice to any right Plaintiff may have to litigate a claim for such interest in connection with the merits of the case.

fees and costs in accordance with the Court's November 21, 2007, Memorandum Order, plus

$5,850 in attorneys' fees and costs with respect to docket matter no. 122.  Additionally, MetLife

shall pay the Clerk of Court $10,000 as its fine for contempt of court.  The aforementioned back

benefit, fine, and attorneys' fees and costs payments shall be made by **12:00 p.m. on Friday,**

**April 25, 2008,** and proof of payment shall be filed promptly with the Clerk of Court.  For each

calendar day following the April 25, 2008, deadline that Defendant has failed to make any

portion of the required payments, it shall pay an additional $1,000 per day penalty, payable

directly to Ms. Cohen.

    SO ORDERED.

Dated: New York, New York
    April 22, 2008


                                        LAURA TAYLOR SWAIN
                                        United States District Judge