UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

METROPOLITAN LIFE INSURANCE
COMPANY,                                                    01:08 CV-459 (BSJ)

                           Plaintiff,

                                                **MEMO OF LAW**

        - against -

FRANCES ZACCARO,

                           Defendant.
-----------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PRE ANSWER MOTION TO DISMISS

                                                       **REICH, REICH & REICH PC**
                                                      235 Main Street, 4th Floor
                                                      White Plains, New York 10601
                                                      (914)949-2126

On the brief:

Adam M. Peska, Esq.

1

## PRELIMINARY STATEMENT

This motion by the defendant Frances Zaccaro (the "Defendant") seeks to dismiss the complaint for failure to serve the defendant timely. This is second action herein where the plaintiff Metropolitan Life Insurance Company ("Plaintiff" or "MetLife") has failed to serve the defendant pursuant the Federal Rule of Civil Procedure (the "FRCP") 4 (m).

The plaintiff MetLife alleges it has made an erroneously life insurance disbursement to the defendant, however, since 2005 it has been reporting yearly earnings on interest assessable to the defendant causing IRS deficiency notices. The defendant has no access and/or control over the account (the "Total Control Account") since it has been restrained by the plaintiff MetLife without a court order since, upon information and belief, October of 2006. The defendant receives monthly statements with respect to the Total Control Account.

The defendant moves under FRCP 12 (b) (5) to dismiss the action based upon insufficiency of service FRCP 4 (m) and for other dispositive relief including release of the defendant's Total Control Account in her name.

## STATEMENT OF FACTS

Plaintiff Metlife commenced an action against the defendant asserting claims in "declaratory judgment," "conversion," "unjust enrichment," and "injunctive relief" alleging on March 1, 2005 it erroneously paid the defendant, a beneficiary of a life insurance policy $90,000 instead of $9,000.

The dispute originated after defendant spoke with a MetLife agent over the telephone regarding the alleged error.  MetLife then sent an unsigned letter dated April 6, 2005, without any documentation, demanding that payment be returned based upon the telephone conversation and its own investigation of the matter.

On January 10, 2007, the plaintiff commenced an action against the defendant, but failed to serve the defendant within 120 days.  The plaintiff voluntarily dismissed the action without prejudice.

On January 17, 2008, the plaintiff commenced a second action against the defendant, and also failed to serve the defendant within 120 days.

On March 19, 2008, the defendant's counsel requested, although not required, a pre motion conference before the Court to dismiss based upon Federal Rules of Civil Procedure (the "FRCP") 4(m).

3

By letter dated June 4, 2008, the plaintiff's counsel objected alleging that the plaintiff had been attempting to serve the defendant "for the past several months" and was awaiting an affidavit from the process server and needed an additional 60 days to serve.

On June 13, 2008, a court conference was held before Magistrate Judge Frank Maas, previously assigned to determine general scheduling and non-dispositive motions, who effectively denied the defendant's motion by granting the plaintiff additional time to serve its complaint. No motion papers were before the Magistrate Judge.

By Endorsed Memo dated June 13, 2008, Magistrate Judge Frank Maas declined to address the issue regarding the restraint placed on the defendant's account, but indicated that only a portion of the account related to the undisputed amount ($9,000 and interest thereon) be released. Note that the undisputed amount, the $9,000, is not within the subject account and is not an issue.

The defendant was served on June 25, 2008 by summons and complaint, and the defendant herein moves to dismiss based upon insufficiency of service. The defendant seeks to vacate Magistrate Judge's Maas Order extending time to serve as void because it was made without motion papers before the Court and directly relates to the defendant's application to dismiss based upon same. The defendant also seek a release of her account that has been reported to the Internal Revenue Service as an account belonging to the defendant.

## LEGAL ANALYSIS

### WHETHER AN ACTION SHOULD BE DISMISSED BASED UPON INSUFFICIENCY OF SERVICE BECAUSE IT WAS NOT SERVED IN ACCORDANCE WITH RULE 4 (m).

Service of summons and compliant is governed under FRCP 4. Generally under Rule 4 (m), an action should be dismissed by the Court if the plaintiff failed to serve the defendant within the first 120 day period. The dismissal is without prejudice, however, if the plaintiff can show "good cause" the Court shall extend time for the plaintiff to serve to promote justice and judicial economy. Rule 4 (m) provides:

> **"If a defendant is not served within 120 days after complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4 (f) or 4 (j) (1)."**

In this action herein, an extension of time was granted by Magistrate Judge's Order prior to the defendant's motion. It was based upon letter from plaintiff's counsel that "for months" the plaintiff has been trying to serve and upon an affidavit from the process server that he was unsuccessful in five (5) attempts at the defendant's known address. Affidavits from process servers are afforded a presumption of validity. See, Old Republic Ins. Co. v. Pacific Financial Services of

5

America, Inc. 301 F.3d 54, 57-58 (2nd Circuit).  However, in this instant action, the process server's affidavit of failed attempts relates to events that took place seven (7) weeks earlier and merely constituted knocks on the door with respect to five (5) instances.  No attempt was made at substituted service.  The affidavit from the process server is wholly unreliable and should not be given presumptive deference.  Under New York law, a process server must demonstrate "reasonable diligence."  Instead, the process server, a registered process server did nothing despite having had an additional month to effect service personally or by way of substituted service.  It is submitted that the (1) plaintiff's letter application and (2) plaintiff's belated affidavit of attempted service does not demonstrate "good cause" to be permitted additional time under FRCP 4 (m).

When considering the totality of the circumstances, this Court should dismiss the action based upon failure to serve because (1) the action and the prior action had been pending for more than one year without service of process; (2) the defendant has resided at the same Nevada location for the past twelve (12) years; and (3) was recently was diagnosed with a form of leukemia.  The action should be dismissed because to continue the action at this point would be unfairly prejudicial to the defendant.

The defendant has no contacts within the State of New York and to defend the case at this point in her life is unfair.  There are no grounds for dismissal on defective service "absent some showing of prejudice."  Unite National Retirement Fund v. Ariela, Inc., 06-CV-0055 (2008) citing authorities Gilliam v. Quinlan, 608 F.Supp. 823, 829 (S.D.N.Y. 1985); Rose v. Koch, 465 F.Supp 1157, 1159 (E.D.N.Y 1979).  In this instance clearly the defendant will be substantially prejudice.

It is clear that the defendant will be at complete disadvantage to defend from outside the State against the mammoth insurance company MetLife that is a resident within the State.  The

defendant is now chronically ill and it would be highly unlikely that she could travel considerable distance to defend the case.

## POINT II.

### THE DEFENDANT'S TOTAL CONTROL ACCOUNT SHOULD BE RELEASED BECAUSE IT IS UNLAWFUL TO RESTRAINT ONE'S PROPERTY WITHOUT DUE PROCESS OF LAW.

The defendant's Total Control Account administered "through an affiliate of PNC Bank" that has been restrained without a court order must be released because it is a violation the Federal Rules of Civil Procedure and violates due process under the United States Constitution.  A failure to obtain provisional relief prior to the determination of the merits is sanctionable.  See generally, Cohen v. Metropolitan Life Ins. Co., 00 CV 6112, (S.D.N.Y. 2008). (decision is annexed to Plaintiff's original moving papers as **Exhibit N**)

## CONCLUSION

The Court should dismiss the plaintiff's second action herein with prejudice; vacate Order extending plaintiff's time to serve; and order that the defendant's bank account be released since it is being restrained without a court order, and for such further and additional relief as this Court may deem just and proper under the circumstances.

DATED:      White Plains, New York
            July 25, 2008

Adam M. Peska (AP-1678)
**REICH, REICH & REICH PC**
235 Main Street, 4th Floor
White Plains, New York 10601
(914)949-2126