LSK&D #: 564-7002 / 1062350
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
METROPOLITAN LIFE INSURANCE
COMPANY,

                                   Plaintiff,

        -against-

FRANCES ZACCARO,

                                  Defendant.
-----------------------------------------------------------------x

No. 08 CV 0459
(BSJ)(FM)

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Of Counsel:
Allan M. Marcus

Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Plaintiff

## PRELIMINARY STATEMENT

Plaintiff Metropolitan Life Insurance Company ("MetLife") respectfully submits its Memorandum of Law in opposition to defendant's motion to dismiss.

This case arose from an $81,000 overpayment of life insurance benefits MetLife made to defendant. Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process should be denied because: (1) defendant failed to timely request reconsideration of or object to Magistrate Judge Maas' Order granting MetLife's application for an extension of time in which to serve defendant with the summons and complaint; and (2) defendant has failed to demonstrate that the Court's order extending MetLife's time to serve defendant was clearly erroneous or contrary to law or an abuse of its discretion. In addition, defendant's request for an order requiring MetLife to remove its hold on the overpaid funds plus interest is incongruous given defendant's instant 12(b)(5) motion to dismiss, and therefore should be denied.

## BACKGROUND

### The Life Insurance Overpayment

This is an action to recover $81,000, plus interest, in life insurance benefits MetLife erroneously paid to Frances Zaccaro. As detailed in MetLife's Complaint filed January 17, 2008, Zaccaro was the beneficiary of a group universal life ("GUL") policy offered to her late husband Stanley Morrissey by his employer Sears, Roebuck & Co. The GUL policy was in the amount of $9,000. After Morrissey's death in January 2008, MetLife erroneously paid Zaccaro $90,000 plus interest in March 2005. Zaccaro herself

informed MetLife of this erroneous overpayment. (See Complaint, ¶¶ 6-14, Exhibits A – D.)

MetLife demanded that Zaccaro return the $81,000 mistaken overpayment plus accumulated interest, but she refused. Because the proceeds had been deposited in a MetLife Total Control Account" ("TCA"), MetLife put a hold only on the overpayment amount plus interest thereon, not on the proceeds properly payable to Zaccaro.[1] (See Complaint, ¶¶ 15-22, Exhibit E.)

In this lawsuit, MetLife seeks declaratory, injunctive and other relief to remedy its mistaken overpayment.

**Service of the Summons and Complaint**

In a previous action (No. 07 CV 191 (GBD)), MetLife sent the Complaint to Zaccaro and her attorney Adam Peska with a Waiver of Service of Summons form pursuant to Fed. R. Civ. P. 4(d). (Marcus Dec., ¶ 3) Zaccaro failed to return the signed Waiver. (Id.) At the same time, the attorneys for the parties were engaged in settlement discussions, hoping amicably to resolve this matter. (Id., ¶ 4) When it became apparent that no resolution was likely, MetLife decided to voluntarily dismiss the previous lawsuit pursuant to Fed. R. Civ. P. 41(a)(1). (See id., ¶ 5, Exhibit A (Notice of Dismissal Without Prejudice).)

On January 17, 2008, MetLife re-filed its lawsuit. Again, MetLife sent Zaccaro and her attorney a Waiver of Service of Summons form, but Zaccaro failed to return the signed waiver. (See Marcus Dec., ¶ 1, Exhibit B.) MetLife engaged a process server to

---

[1] In fact, Zaccaro withdrew $9,016.64 (the properly-payable life insurance proceeds plus interest thereon) by check on March 10, 2005. (See Declaration of Allan M. Marcus ("Marcus Dec."), ¶ 14, Exhibit H. )

2

personally serve Zaccaro at her Las Vegas, Nevada residence. (See id., ¶ 8, Exhibit C.) Through its process server, MetLife made repeated attempts to serve Zaccaro. (See id., ¶ 9, Exhibit D.) MetLife also requested that the process server investigate whether Zaccaro still resided at that Las Vegas address. (Id., ¶ 10) When MetLife was unsuccessful in serving Zaccaro within the 120-day period after issuance of the Summons, it applied to the Court for a 60-day extension of time to effect service. (See id., ¶ 11, Exhibit E.) In support of its application, MetLife submitted an affidavit from the process server. (See id., Exhibit D.)

At a teleconference conference held on July 21, 2008, Magistrate Judge Frank Maas granted MetLife's application for a nunc pro tunc extension of time for effecting service of process to July 15, 2008. (See id., ¶ 12, Exhibit F.)

MetLife effected personal service on Zaccaro on June 25, 2008 and filed an Affidavit of Service on July 1, 2008. (See id., ¶¶ 13, 14, Exhibits G, H.)

### ARGUMENT

### I. Defendant's Motion Is Untimely and Should Be Denied

In her motion to dismiss the action for alleged insufficient service of process, Zaccaro in effect seeks to challenge Magistrate Judge Maas' Order dated June 13, 2008 granting MetLife's application for an extension of time to serve process. Such challenge can proceed under Local Civil Rule 6.3 as a motion for reconsideration of the Court's order or under Fed. R. Civ. P. 72(a) as an objection to a magistrate judge's order. In either case, such motion must be served and filed within 10 days after entry of

3

the Court's order.² Because no such motion was timely filed by Zaccaro, to the extent it challenges Magistrate Judge Maas' June 13, 2008 Order, the instant motion (filed July 28, 2008) should be denied. See, e.g., Petrello v. White, No. 01-CV-3082 (DRH), 2007 WL 2276300, at *7-8 (E.D.N.Y. Aug. 7, 2007) (holding that motion for reconsideration pursuant to Local Rule 6.3 filed more than 10 days after entry of court's order is untimely); Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (denying motion for reconsideration as untimely); Siemens Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (same); Moran v. Pfizer, Inc., 160 F. Supp. 2d 508, 512 (S.D.N.Y. 2001) (denying as untimely objection filed more than 10 days after magistrate judge's order docketed).³

### II. Defendant's Motion Should Be Denied Because The Court's Order Extending MetLife's Time To Serve Process Was Proper

Zaccaro's only argument is that MetLife failed to timely serve her and that the Court erred in granting MetLife an extension of time to do so.⁴

---

[2] Under Local Civil Rule 6.3, "[a] notice of motion for reconsideration or re-argument of a court order determining a [non-dispositive pre-trial] motion shall be served within ten (10) days after the entry of the Court's determination of the original motion ...." Under Fed. R. Civ. P. 72(a), "[w]ithin ten days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error or defect in the magistrate judge's order to which objection was not timely made."

[3] Even if defendant's objections to Magistrate Judge Maas' order were to be construed as timely, Fed. R. Civ. P. 72(a) provides that a district judge "shall modify or set aside any portion of the magistrate judge's order [only if it is] found to be clearly erroneous or contrary to law." Zaccaro has failed to demonstrate that the magistrate judge's ruling was clearly erroneous or unlawfully nor has she cited to any authority to support such position.

[4] Zaccaro does not argue that the method MetLife used ultimately to serve her was defective or improper.

4

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure the court shall extend the time for service for an appropriate period.

Thus, under Rule 4(m), a court may extend the time within which to serve (1) if plaintiff has shown good cause for failure to serve within 120 days after filing the complaint or (2) even if no good cause is shown, the court finds it an appropriate exercise of its discretion to extend the time for service. See Meija v. Castle Hotel, Inc., 164 F.R.D. 343 (S.D.N.Y. 1996); Insurance Co. of N.A. v. M/V Greenland Saga, No. 96 CIV 0768 (JFK), 1997 WL 2519, at *1 (S.D.N.Y. Jan. 2, 1997); Lloyd v. Alpha Phi Alpha Fraternity, Inc., No. 96-CV-348 (FJS), 1998 WL 236207, at *2 (N.D.N.Y. May 6, 1998).

To determine whether "good cause" exists for failure to serve, courts consider (1) whether the plaintiff made reasonable efforts to serve the defendant and (2) whether the defendant has been prejudiced. See National Union Fire Ins. Co. v. Forman 635 Joint Ventures, No. 94 CV-1312, 1996 WL 272074, at *2 (S.D.N.Y. May 21, 1996); Insurance Co. of N.A., 1997 WL 2519, at *1. "The Second Circuit has construed 'good cause' under Rule 4 liberally in order 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice'." Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359, 363-64 (E.D.N.Y. 1996) quoting Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986).

In the instant case, MetLife submitted an affidavit which showed five attempts to effect personal service on Zaccaro at different times of the day. (See Marcus Dec.,

Exhibit D.) In addition, both Zaccaro and her attorney had received notice of the lawsuit by means of the Waiver of Service of Summons request. (Id., Exhibit B) Thus, MetLife had demonstrated good cause pursuant to Rule 4(m) and the Court's grant of additional time to serve Zaccaro with process was appropriate. Moreover, Zaccaro has not shown that she was prejudiced in any way by the Court's extending the time to serve.[5] (Indeed, she had the opportunity to execute the waiver of service of summons form if she believed a speedy resolution of this lawsuit was to her advantage.)

Moreover, even if no good cause existed, Zaccaro has not shown that the Court abused its discretion in granting MetLife additional time to serve process.

Therefore, Zaccaro's motion to dismiss for insufficiency of service should be denied. See, e.g., Lloyd, 1998 WL 236207 at *2 (denying defendant's motion to dismiss under Rule 12(b)(5) and granting extension of time to serve because plaintiff had reasonable basis for believing contested service was proper and defendant would not be prejudiced if extension were granted); Insurance Co. of N.A., 1997 WL 2519, at *2 (denying defendant's motion to dismiss and granting extension of time to serve complaint because good cause shown for failure to serve, and court found it appropriate exercise of discretion to extend time to serve).

### III.    The Court Should Deny Defendant's Request To Release MetLife's Hold On The Overpayment Proceeds

Although Zaccaro has moved to dismiss this lawsuit, she also incongruously requests the Court order MetLife to remove its hold on the $81,000 (plus interest)

---

[5] In her Memorandum of Law (at p. 6), Zaccaro claims she would be prejudiced because she is ill and would have to defend the lawsuit outside of her home state. These are not, however, reasons for the Court to grant her motion to dismiss for insufficient service.

6

overpayment in her TCA. (See Pl. Mem., p. 7.) In other words, Zaccaro seeks to have the case dismissed while simultaneously asking the Court to grant her relief. The Court should deny this bizarre request because it is (1) inappropriate to join this request to a motion to dismiss for alleged insufficient service; (2) unsupported by evidence that Zaccaro is entitled to the $81,000 plus interest in the TCA (in fact, Zaccaro admitted she had received an overpayment when she called MetLife shortly after the proceeds were disbursed); and (3) unsupported by any authority holding that, under the circumstances of this case, MetLIfe's hold on the overpaid life insurance proceeds is improper.

## CONCLUSION

For the reasons discussed above, the Court should deny defendant's motion to dismiss and her request for other relief in its entirety.

Dated:   New York, New York
         August 13, 2008

                                        Respectfully submitted,

                                        LESTER SCHWAB KATZ & DWYER, LLP

                                        _____
                                        Allan M. Marcus (AM-9027)
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 964-6611
                                        Attorneys for Plaintiff
                                        Metropolitan Life Insurance Company

TO:

Adam M. Peska, Esq.
REICH, REICH & REICH, P.C.
235 Main Street, 4th Floor
White Plains, New York 10601
Attorneys for Defendant