LSK&D #: 564-7002 / 1063762
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,

                              Plaintiff,

            -against-

FRANCES ZACCARO,

                             Defendant.

-----------------------------------------------------------------x

**No. 08 CV 0459
(BSJ)(FM)**

**DECLARATION OF
ALLAN M. MARCUS**

Allan M. Marcus, an attorney admitted to practice before the Court, declares under penalty of perjury as follows:

1.     I am Of Counsel to the law firm of Lester Schwab Katz & Dwyer, LLP, which represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the above-captioned matter.

2.     I make this Declaration in support of MetLife's opposition to defendant Frances Zaccaro's motion to dismiss.

3.     MetLife originally commenced an action to recover a mistaken overpayment of $81,000 in life insurance proceeds plus interest from Zaccaro on January 10, 2007 under no. 07 CV 191 (GBD). MetLife sent the complaint to Zaccaro and her attorney Adam Peska with a Waiver of Service of Summons form pursuant to Fed. R. Civ. P. 4(d). Zaccaro failed to return the signed Waiver.

4.     The attorneys for the parties engaged in settlement discussions hoping amicably to resolve this matter.

5.     When it became apparent that no settlement was likely, MetLife decided to voluntarily dismiss the lawsuit without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

(Attached hereto as Exhibit A is the Notice of Dismissal Without Prejudice, entered December 3, 2007.)

6.    On January 17, 2008, MetLife re-filed its lawsuit.

7.    MetLife sent Zaccaro and her attorney Peska a Waiver of Service of Summons form (see Exhibit B attached hereto), but Zaccaro failed to return the signed Waiver form.

8.    MetLife engaged a process server to personally serve Zaccaro at her Las Vegas, Nevada residence.  (See Exhibit C attached hereto.)

9.    Through its process server, MetLife made several unsuccessful attempts to serve Zaccaro.  (See Exhibit D attached hereto.)

10.    MetLife also requested that the process server investigate through the Post Office whether Zaccaro still resided at that Las Vegas address.

11.    On June 4, 2008, MetLife requested that the Court extend MetLife's time to serve process for 60 days.  On June 11, 2008, MetLife sent the Court an Affidavit from the process server attesting to repeated unsuccessful attempts to serve Zaccaro. (See Exhibit E attached hereto.)

12.    At a teleconference held on July 21, 2008, Magistrate Judge Frank Maas, after hearing arguments from both parties, granted MetLife's application for a nunc pro tunc extension of time for effecting service of process to July 15, 2008.  (See Exhibit F attached hereto.)

13.    On June 25, 2008 MetLife effected personal service on Zaccaro and filed an Affidavit of Service on July 1, 2008.  (See Exhibit G attached hereto.)

14.    By letter dated July 1, 2008, MetLife notified the Court of the successful service on Zaccaro.  (See Exhibit H attached hereto.)

Dated:        New York, New York
              August 13, 2008

_____
ALLAN M. MARCUS

**EXHIBIT "A"**

LSK&D #: 564-7002 / 941382

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,

                                Plaintiff,

           -against-

FRANCES ZACCARO,

                          Defendant.

-------------------------------------------------------------x

**No. 07 CV 191 (GBD)(DF)**

**NOTICE OF DISMISSAL
WITHOUT PREJUDICE**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 41(a)(1), no responsive pleading to plaintiff Metropolitan Life Insurance Company's ("MetLife") Complaint in the above-entitled action having been served or filed, MetLife wishes to voluntarily dismiss this action without prejudice.

Dated: New York, New York
        December 3, 2007

                         Respectfully submitted,

                         LESTER SCHWAB KATZ & DWYER, LLP

                         Allan M. Marcus (AM-9027)
                         120 Broadway
                         New York, New York 10271
                         (212) 341-4241
                         Attorneys for Plaintiff
                         Metropolitan Life Insurance Company

TO:

Adam Peska, Esq.
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
Attorneys for Defendant

**LSK&D #: 564-7002 / 950442**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,                                          No. 07 CV 191 (GBD)(DF)

                                    Plaintiff,

                                                 **CERTIFICATE OF**
            -against-                            **SERVICE**

FRANCES ZACCARO,

                                    Defendant.

--------------------------------------------------------------x

      I hereby certify that on December 3, 2007, I caused to be served by facsimile at

(914) 949-1604 and first-class U.S. mail, postage prepaid, the foregoing Notice of

Dismissal Without Prejudice upon:

> Adam Peska, Esq.
> PESKA & ASSOCIATES, P.C.
> 175 Main Street, Suite 300
> White Plains, New York 10801

_____
Allan M. Marcus, Esq.

# LESTER SCHWAB KATZ & DWYER LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

(212) 964-6611
FAX: (212) 267-6916

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   DEC 0 3 2007

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

December 3, 2007

**SO ORDERED**

*George B. Daniel*

HON. GEORGE B. DANIELS

DEC 0 3 2007

<u>Via Facsimile: (212) 805-6737</u>

Hon. George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

Re:  <u>Metropolitan Life Insurance Company v. Frances Zaccaro</u>
     No. 07 CV 191 (GBD)(DF)

Dear Judge Daniels:

My firm represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the referenced matter. Although the parties have not yet resolved this matter, at this time MetLife has electronically filed a Notice of Dismissal Without Prejudice. A courtesy copy of the Notice is enclosed.

In view of the voluntary dismissal of this action, I trust that the Court will cancel the conference scheduled for December 5, 2007.

Respectfully yours,

*Allan M. Marcus*

ALLAN M. MARCUS
Of Counsel

AMM:imr/ses/949819

cc (w/encl.):

<u>Via Facsimile: (914) 949-1604</u>
Adam Peska, Esq.
Peska & Associates, P.C.
175 Main Street, Suite 300
White Plains, New York 10801

EXHIBIT "B"

# LESTER SCHWAB KATZ & DWYER, LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

January 18, 2008

Ms. Frances Zaccaro
2180 E. Warm Springs Road, #1154
Las Vegas, NV 89119

      **Re:**   **Metropolitan Life Insurance Company v. Frances Zaccaro**
            **No. 08 CV 0459**

Dear Ms. Zaccaro:

    Enclosed is a copy of the Complaint in the referenced matter and two copies each of a Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons form. Also enclosed is a stamped addressed envelope. Copies of these documents have also been sent to your attorney Mr. Peska. Please consult with Mr. Peska regarding your response to this Lawsuit.

               Very truly yours,

               ALLAN M. MARCUS
               Of Counsel

AMM:imr
Enclosures
cc:

Adam Peska, Esq.
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
Attorneys for Defendant
971830

LSK&D #: 564-7002 / 971835
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

METROPOLITAN LIFE INSURANCE
COMPANY,                                              No. 08 CV 0459

                                        Plaintiff,

                                                     **NOTICE OF LAWSUIT**
            -against-                                **AND REQUEST FOR**
                                                     **WAIVER OF SERVICE**
FRANCES ZACCARO,                                     **OF SUMMONS (FED. R.**
                                                     **CIV. P. 4(d))**

                                        Defendant.
--------------------------------------------------------------x

TO:    Frances Zaccaro
       2180 E. Warm Springs Road, #1154
       Las Vegas, Nevada 89119

### Notice Of Suit

A lawsuit has been commenced against you. A copy of the complaint in that lawsuit is attached to this notice. The complaint was filed in the United States District Court for the Southern District of New York, and has been assigned Docket No. 08 CV 0459.

### Your Options

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date shown at the bottom of this form as the date on which this Notice and Request was sent to you. I enclose a stamped and addressed envelope for your use.

An extra copy of this Notice and Request, as well as the attached Waiver, are also enclosed for your records.

## What Happens If You Comply

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served with a summons on the date that the waiver is filed with the court, except that you will not be obligated to answer the complaint before 60 days from the date shown below as the date on which this Notice and Request was sent to you (or before 90 days from that date if this Notice and Request was sent to you at an address that is not within any judicial district of United States).

## What May Happen If You Do Not Comply

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal services of summons in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of that service.  In that connection, please read the statement concerning the duty of parties to waive service of the summons, which is set forth at the foot of the waiver form.

## Waiver of Service of Summons

TO: LESTER SCHWAB KATZ & DWYER, LLP

I acknowledge receipt of your request that I waive service of a summons in the action of <u>Metropolitan Life Insurance Company v. Frances Zaccaro</u>, which is case number 08 CV 0459 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after January 18, 2008, or within 90 days after that date if the request was sent outside the United States.

| | |
|---|---|
| _____ | Signature |
| Date | Printed/typed name: |
| | { as _____ } |
| | of _____ |

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

971827

**EXHIBIT "C"**

## LESTER SCHWAB KATZ & DWYER, LLP
### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

April 7, 2008

Serverlinks.com
101 Maiden Lane
Suite 301
New York, New York 10038

> **Re:** **Metropolitan Life Insurance Company v. Frances Zaccaro**
> **No. 08 CV 459 (BSJ)**

Dear Sirs:

Please serve the enclosed Summons and Complaint by personal service on:

Ms. Frances Zaccaro
2180 E. Warm Springs Rd, # 1154
Las Vegas, NV 89119

Please bill for standard service.

Please return a proof of service.

Thank you.

Very truly yours,

ALLAN M. MARCUS
Of Counsel

AMM:imr
Enclosure
1005174

**EXHIBIT "D"**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 08CV0459 (BSJ)

---

METROPOLITAN LIFE INSURANCE COMPANY

, Plaintiff(s)

- against -

FRANCES ZACCARO

, Defendant(s)

---

State of Nevada )
                )  SS.:
County of Clark )

NOT FOUND OR NON SERVICE RETURN

I, the undersigned am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action, attempted to serve the following:

SUMMONS IN A CIVIL ACTION & COMPLAINT
And that after due search, careful inquiry and diligent attempts at the Residence:

    2180 E. WARM SPRINGS RD
    #1154
    LAS VEGAS, NV 89119

I have been unable to make delivery of said process on the within named: FRANCES ZACCARO

Process is being returned without service for the following reasons:

    04/11/2008 at  8:10 PM - Knocked on door, no answer.
    04/14/2008 at  7:56 PM - Knocked on door, no answer.
    04/16/2008 at  3:12 PM - Knocked on door, no answer. Spoke to the
        leasing agent who refused to give infomation regarding any
        of the buildings tennants.
    04/17/2008 at  8:20 AM - Knocked on door, No answer.
    04/18/2008 at  4:13 PM - Knocked on door, No answer.

Cathleen V Holmes

SWORN TO BEFORE ME 6/3/08

Nillyneth Tabares                      389

                              License #N/A

OUR DOC# 21035
Lester Schwab Katz & Dwyer LLP
120 Broadway
New York NY 10271
212-964-6611
564-7002

CATHLEEN V. HOLMES
Notary Public State of Nevada
No. 07-3770-1
My appt. exp. June 21, 2011

# EXHIBIT "E"

# LESTER SCHWAB KATZ & DWYER, LLP

120 BROADWAY

NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 4, 2008

<u>By Hand</u>

Hon. Barbara S. Jones
United States District Judge
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

> Re:  **<u>Metropolitan Life Insurance Company v. Frances Zaccaro</u>**
> **No. 08 CV 459 (BSJ)**

Dear Judge Jones:

My firm represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the referenced matter.  I write in response to defendant Francis Zaccaro's counsel's letter dated May 19, 2008 and to request that the Court, pursuant to Fed. R. Civ. P. 4(m), extend the time limit for service of summons for another 60 days.

## BACKGROUND

This is an action by MetLife to recover $81,000 erroneously paid to Zaccaro.  As detailed in MetLife's Complaint filed January 17, 2008, Zaccaro was the beneficiary of a group universal life ("GUL") insurance policy offered to her late husband Stanley Morrissey by his employer Sears, Roebuck & Co.  The GUL policy was in the amount of $9,000.  After Morrissey's death in January 2005, MetLife erroneously paid Zaccaro $90,000 in March 2005.  Zaccaro herself informed MetLife of this error.  MetLife demanded that Zaccaro return the $81,000 mistaken overpayment plus interest, but she refused.  Because the proceeds had been placed in a "Total Control Account" with MetLife, MetLife put a hold only on the overpayment amount, but not on the proceeds properly payable to Zaccaro.  In this lawsuit, MetLife seeks declaratory and injunctive relief to remedy its mistaken overpayment.[1]

---

[1] Contrary to defendant's assertion, the statute of limitations has not run on MetLife's these claims.  <u>See</u> NY CPLR § 213 (6-year statute of limitations for actions based on mistake, for conversion, or for unjust enrichment).

LESTER SCHWAB KATZ & DWYER, LLP

June 4, 2008
Page 2

## ATTEMPTED SERVICE

In a previous lawsuit, MetLife sent the Complaint to Zaccaro and her attorney with a Waiver of Service of Summons form pursuant to Fed. R. Civ. P. 4(d). Zaccaro failed to return the signed waiver. At the same time, the attorneys for the parties were engaged in settlement discussions, hoping to amicably resolve this matter. When it became apparent that no resolution was likely, MetLife decided to voluntarily dismiss the previous lawsuit and re-file its Complaint, so that service of the summons could be timely effected. For the past several months, MetLife has unsuccessfully attempted on numerous occasions to serve Zaccaro at her residence in Las Vegas. (I am obtaining an affidavit of attempted service from the process server and will forward same to the Court shortly). Zaccaro's failure to accept service is puzzling, since her attorney Peska has now appeared and seems eager to litigate the merits of this matter.

Therefore, MetLife respectfully requests that it be permitted a 60-day extension of time to serve Zaccaro so that this matter can proceed to resolution. MetLife, of course, opposes the dismissal of its lawsuit as Zaccaro urges.

Respectfully yours,


ALLAN M. MARCUS
Of Counsel

AMM:imr
cc:

Adam Peska, Esq.
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
Attorneys for Defendant
1028676

# LESTER SCHWAB KATZ & DWYER, LLP

### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 11, 2008

Via Federal Express – 8616 6431 9512
Hon. Barbara S. Jones
United States District Judge
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

**Re:**     **Metropolitan Life Insurance Company v. Frances Zaccaro**
**No. 07 CV 191 (GBD)(DF)**

Dear Judge Jones:

My firm represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the referenced matter. I write in response to defendant's counsel Peska's letter dated June 6, 2008.

Enclosed is an affidavit from the process server attesting to repeated unsuccessful attempts to serve the Summons and Complaint on Ms. Zaccaro. This affidavit is submitted in further support of MetLife's request to extend the time to serve the Summons and Complaint by sixty (60) days. (See my letter dated June 4, 2008.)

Respectfully yours,

ALLAN M. MARCUS
Of Counsel

AMM:imr
Enclosure
cc:

Via Federal Express – 8616 6431 9523
Adam Peska, Esq.
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801

LESTER SCHWAB KATZ & DWYER, LLP

June 11, 2008
Page 2

Via Federal Express – 8616 6431 9486
Hon. Frank Maas
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007
1032091

# EXHIBIT "F"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

METROPOLITAN LIFE INSURANCE                  :
COMPANY,

                            :

                   Plaintiff,            :

                          :

     - against -                    :

FRANCES ZACCARO,
                          :

                 Defendant.         :
----------------------------------------------------------x

**ORDER**

08 Civ. 459 (BSJ)(FM)

**FRANK MAAS**, United States Magistrate Judge.

       Pursuant to a telephone conference held earlier today, *it is hereby*

ORDERED that:

1.    Plaintiff's application for a nunc pro tunc extension of the
period for effecting service of process is granted, and service
shall be effected by July 15, 2008.

2.    A further telephone conference shall be held on July 21, 2008,
at 10:00 am. Plaintiff's counsel shall initiate the call by
calling Chambers at (212) 805-6727.

     SO ORDERED.

Dated:    New York, New York
          June 13, 2008

                             FRANK MAAS
                       United States Magistrate Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/08

Copies to:

Hon. Barbara S. Jones
United States District Judge

Allan M. Marcus, Esq.
Lester, Schwab, Katz and Dwyer LLP
Fax: (212) 267-5916

Adam M. Peska, Esq.
Reich Reich & Reich, PC
Fax: (914) 949-1604

# EXHIBIT "G"

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 08CV0459 (BSJ)

---

METROPOLITAN LIFE INSURANCE COMPANY

, Plaintiff(s)

- against -

FRANCES ZACCARO

, Defendant(s)

---

State of Nevada )
               ) SS.:
County of Clark )

### AFFIDAVIT OF SERVICE

Nillyreth Tabares being duly sworn, deposes and says that he is over the age of 18 years; is not a party to this action and resides within the State of Nevada. That on 06/25/2008 at 3:02 PM at:

    2180 E. WARM SPRINGS RD
    #1154
    LAS VEGAS NV 89119

Deponent served the:

SUMMONS IN A CIVIL ACTION & COMPLAINT
upon FRANCES ZACCARO, by delivering a true copy to recipient personally, deponent knew the person so served to be the person described as said recipient therein.

To the best of my knowledge, based on information and belief, the said recipient at the time of service was not engaged in the military service of the United States or Nevada. Recipient wore ordinary civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 60 HEIGHT: 5'6''   WEIGHT: 130      HAIR: GREY     RACE: WHITE      SEX: FEMALE

389

Nillyreth Tabares          Lic. #N/A

SWORN TO BEFORE ME 6/27/08

Cathleen V Holmes

CATHLEEN V. HOLMES
Notary Public State of Nevada
No. 07-3770-1
My appt. exp. June 21, 2011

OUR DOC# 21443
Lester Schwab Katz & Dwyer LLP
120 Broadway
New York NY 10271
212-964-6611
564-7002

## Service of Process:
1:08-cv-00459-BSJ-FM Metropolitan Life Insurance Company v. Zacarro
CASREF, ECF


### U.S. District Court

### United States District Court for the Southern District of New York

#### Notice of Electronic Filing

The following transaction was entered by Marcus, Allan on 7/1/2008 at 12:03 PM EDT and filed on
7/1/2008

**Case Name:**          Metropolitan Life Insurance Company v. Zacarro
**Case Number:**      1:08-cv-459
**Filer:**                    Metroplitan Life Insurance Company
**Document Number:** 8

**Docket Text:**
**AFFIDAVIT OF SERVICE of Summons and Complaint served on Frances Zaccaro on
June 25, 2008. Service was accepted by Frances Zaccaro. Document filed by Metroplitan
Life Insurance Company. (Marcus, Allan)**


**1:08-cv-459 Notice has been electronically mailed to:**

Allan Michael Marcus      amarcus@lskdnylaw.com

**1:08-cv-459 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/1/2008] [FileNumber=4759933-0]
[010cbf4015332b1c6aaaabf7f1fe1296210f5b7f9f46647f4ad770fea1620ed29ae6
91b344b5b0256580f44f1af3f60396657fbc443193d001367b9aac16346c]]

**EXHIBIT "H"**

## LESTER SCHWAB KATZ & DWYER, LLP

120 BROADWAY

NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

July 1, 2008

Hon. Frank Maas
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, N.Y. 10007

        Re:    **Metropolitan Life Insurance Company v. Frances Zaccaro**
               **No. 08 CV 0459 (BSJ)(FM)**

Dear Judge Maas:

        My firm represents plaintiff Metropolitan Life Insurance Company ("MetLife") in the referenced matter. In a teleconference on June 13, 2008, Your Honor directed me to inquire whether the $9,000 principal amount of group life insurance proceeds plus interest thereon, (which was properly payable to defendant Zaccaro) is presently being held in her Total Control Account ("TCA") along with the $81,000 mistaken overpayment plus interest thereon.

        The history of Zaccaro's TCA is as follows: On March 2, 2005 MetLife mistakenly deposited $90,166.44 into the TCA. On March 10, 2005, a check (#91) in the amount of $9,016.64 (the properly-payable life insurance proceeds plus interest thereon) cleared the account. MetLife placed a hold on the $81,000 overpayment plus interest remaining in Zaccaro's TCA. As of May 31, 2008, the amount in the TCA was $90,206.70, which represents the $81,000 overpayment plus accumulated interest on the overpayment, which amount MetLife seeks to recover from Zaccaro.

        I also wish to inform the Court that the Summons and Complaint were personally served on Zaccaro on June 25, 2008 and that an Affidavit of Service (copy enclosed) was filed today via ECF.

                        Respectfully yours,

                        ALLAN M. MARCUS
                        Of Counsel

AMM:imr
Enclosure

LESTER SCHWAB KATZ & DWYER, LLP

July 1, 2008
Page 2

cc:

Adam Peska, Esq. (w/enc.)
PESKA & ASSOCIATES, P.C.
175 Main Street, Suite 300
White Plains, New York 10801
Attorneys for Defendant
1040389